

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-21-2005

# Booth v. Pennce

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1355

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Booth v. Pennce" (2005). *2005 Decisions*. Paper 796.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/796

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-226                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1355
_____

TIMOTHY BOOTH,
Appellant

v.

C/O PENCE;
MARY CANION;
LT. PEKINS;
C/O FOREMAN;
SUPERINTENDENT VAUGHN

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 01-cv-04296)
District Judge: Honorable Anita B. Brody
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
May 5, 2005

Before:  ROTH, BARRY and SMITH, <u>Circuit</u> <u>Judges</u>

(Filed: July 21, 2005)

_____

OPINION
_____

PER CURIAM

Timothy Booth, pro se, appeals from an order of the United States District Court for the Eastern District of Pennsylvania granting Appellees' motion for summary judgment. We will affirm.

In 2001, Booth filed a 42 U.S.C. § 1983 civil rights complaint against various defendants employed at S.C.I. Graterford, where Booth was an inmate. In his complaint he alleged, inter alia, violations of his First and Eighth Amendment rights. Upon an earlier motion, the District Court dismissed the claims against defendants Canion and Vaughn, leaving Lieutenant Pickens and correctional officers Pence and Foreman as defendants in the case.

Beginning in April 2001, Booth had a series of disciplinary issues with Pickens, Pence and Foreman. Booth disobeyed a direct order from Pence, for which Pence issued a misconduct charge. On the same day, Booth filed a grievance in which he accused Pence of harassing him and filing false misconduct charges against him because Booth had informally complained about Pence to other prison guards. Booth failed to appeal the denial of his grievance to the Secretary's Office of Inmate Grievances and Appeals, the highest administrative appeal level. Regarding these events, Booth alleged a retaliation claim in his complaint as well as an Eighth Amendment cruel and unusual punishment claim based on the alleged filing of false misconduct charges.

A few months later, Booth was involved in a series of incidents in the prison cafeteria. First, Pickens allegedly gave Booth a "disrespectful look" because Booth took

extra mustard packets from a cafeteria tray. Booth, who is diabetic, ordinarily goes through the "diet line" in the cafeteria. According to prison regulations, this makes him ineligible to go through the regular food line. Pickens asked Booth if he had eaten food from the regular food line. When Booth admitted doing so, Pickens reminded him that he was supposed to eat from the diet line and told him that he would "be waiting for him at lunch." Booth allegedly perceived this as a threat that Pickens would give him a misconduct charge in order to interfere with possible parole. In a final incident, Pickens allegedly refused to allow Booth to return to the regular line for sugar packets after Booth passed through the diet line. Booth claims that he needed the sugar to offset his insulin shock and that he ended up going into diabetic shock. He did not, however, manifest any symptoms of diabetic shock and was fine after a fellow inmate gave him some fruit juice. Moreover, when Booth was directly asked at his deposition if he went into diabetic shock, his reply was, "You could say I was in the insulin shock. You still can–all depends on how far you go into it." Booth filed a grievance with respect to the first two incidents and then filed three follow-up grievances because of what he perceived as administrative inaction with respect to his first grievance. In none of the grievances, however, did Booth specifically mention the alleged diabetic shock incident. Booth also failed to pursue the highest level of administrative appeal with respect to these incidents. Based on these events, Booth alleged an Eighth Amendment claim of deliberate indifference to a serious medical need for withholding sugar packets.

In a final incident, Booth failed to stand for an inmate count on three separate occasions. On the third time, Foreman issued him a misconduct charge for failing to obey a direct order. Booth claims that it was a false misconduct, but he did not file a grievance. In his complaint, Booth asserts a retaliation claim as well as a cruel and unusual punishment claim on the basis of the alleged false misconduct charge.

Appellees filed a motion for summary judgment on the basis that Booth failed to exhaust his claims administratively and that his claims lacked merit. The District Court, after noting that Appellees had raised exhaustion for the first time in their summary judgment motion, concluded that Booth failed to exhaust his administrative remedies. With respect to Pence, it found that Booth did not pursue his appeal to the highest administrative level. As to Pickens, the District Court concluded that Booth failed to pursue his administrative appeal to the highest level and that it was not clear that Booth grieved the incident that actually underlay his deliberate indifference claim. Lastly, with respect to Foreman, the District Court found that Booth did not pursue any administrative remedy. Because it is unclear whether failure to raise exhaustion in the initial responsive pleading constitutes a waiver of this affirmative defense, however, the District Court proceeded to consider the merits of Booth's claims.

As to Booth's retaliation claims, the District Court found them meritless because it was not clear that Booth's informal complaints against Pence were constitutionally protected activity and because, for all his retaliation claims, Booth failed to demonstrate

the existence of a causal nexus between his protected activity and the adverse actions taken by Appellees. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). With regard to Booth's Eighth Amendment claim based on alleged issuance of false misconducts, the District Court concluded that issuance of false misconducts was not a sufficiently serious deprivation to support a claim of cruel and unusual punishment. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). As to Booth's deliberate indifference claim, the District Court concluded that Booth failed to show that Pickens was aware of a serious medical need, as Booth did not exhibit any symptoms of diabetic shock and did not request medical assistance. See id. at 834-37. For the above reasons, the District Court granted summary judgment in favor of Appellees. Booth appealed. Appellees have filed a motion for summary affirmance to which Booth has filed a response. Booth has also filed a motion for appointment of counsel. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review is plenary. See Guardian Life Ins. Co. Of Am. v. Goduti-Moore, 229 F.3d 212, 213 (3d Cir. 2000).

We agree with the District Court's grant of summary judgment in favor of Appellees for the reasons discussed in the District Court's memorandum and summarized above.

Summary action is appropriate if there is no substantial question on appeal. See Third Circuit LAR 27.4. For essentially the reasons set forth by the District Court, we will grant Appellees' motion for summary affirmance of the District Court's order

5

granting summary judgment in favor of Appellees.  <u>See</u> Third Circuit I.O.P. 10.6.

Appellant's motion for appointment of counsel is denied.