

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-26-2007

# Davis v. State of PA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5188

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Davis v. State of PA" (2007). *2007 Decisions.* Paper 695.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/695

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-312                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-5188
_____

CLARENCE DAVIS,
Appellant

v.

PENNSYLVANIA STATE; PA DEPT OF CORRECTIONS;
SUPERINTENDENT JEFFREY A. BEARD;
THOMAS JAMES, Hearing Officer;
SUPERINTENDENT BEN VARNER;
DEPUTY WARDEN THOMAS LAVAN;
DEPUTY THOMAS STACHELEK;
GRIEVANCE COORDINATOR KENNETH BURNETT;
NORM DEMMING, Program Manager;
UNIT MANAGER WAYNE COLE; CAPTAIN GRIEGO;
C.O. CHESTER D. FILIPIAK; MAJOR JONES;
THOMAS YACKIEL, Unit Team Manager; MAJOR KOMSISKY
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-00068 )
District Judge:  Honorable William J. Nealon
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 19, 2007
Before:  SLOVITER, CHAGARES AND GREENBERG, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed: July 26, 2007)
_____

OPINION
_____

PER CURIAM

Clarence Davis appeals from the order of the United States District Court for the Middle District of Pennsylvania denying his motion for summary judgment and granting Appellee Chester Filipak's motion for summary judgment. We conclude that the District Court properly granted summary judgment. Because this appeal presents no substantial question, we will summarily affirm the District Court's order. See Third Circuit LAR 27.4 and I.O.P. 10.6.

Davis, an inmate currently incarcerated at Pennsylvania SCI-Retreat, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while incarcerated at Pennsylvania SCI-Dallas. After reviewing the complaint pursuant to 28 U.S.C. § 1915, the District Court dismissed all Defendants save one. Only Davis's claim for retaliation against Defendant Filipak ( "Filipak") was permitted to proceed. Davis asserts that after filing a grievance with prison officials about Filipak, who allegedly threatened him, Filipak retaliated by filing a report against Davis. Davis asserts that Filipak filed a report stating that their children, who attend school together, got into an altercation;[1] however, Davis alleges that Filipak's motivation for filing the report was solely to have Davis moved to the restrictive housing unit in retaliation for Davis's earlier grievance. After conducting discovery, Davis and Filipak filed separate motions for summary judgment. The District Court denied Davis's motion and granted

---

[1] It is undisputed that Davis's child and Filipak's child had an altercation at school.

2

Filipak's motion for summary judgment. Davis appeals.[2]

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's order granting summary judgment is plenary. Kreimer v. Bureau of Police for the Town of Morristown, 958 F.2d 1242, 1250 (3d Cir. 1992). Summary judgment may be granted only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We will summarily affirm a district court's order if an appeal presents no substantial question. See I.O.P. 10.6.

In a claim for retaliation, an inmate must prove that the conduct which led to the alleged retaliation was constitutionally protected. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Next, the inmate must demonstrate that he suffered some adverse action from prison officials. Id. Once these two threshold requirements are met, the inmate must then prove a causal link between the exercise of his constitutional rights and the adverse action taken against him. Id. A causal link is proven by demonstrating that the "constitutionally protected conduct was a 'substantial or motivating factor' in the decision to discipline him." Id. (quoting Mount Healthy Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)). "[O]nce a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected

---

[2] Davis's notice of appeal seeks to appeal only from the District Court's order granting summary judgment in favor of Filipak. Accordingly, our review is limited to that issue.

3

conduct for reasons reasonably related to a legitimate penological interest." Id. at 334.

The District Court determined that Davis had a constitutional right to file a grievance against Filipak, and that his placement into administrative custody and his transfer to another facility were sufficient to constitute adverse action. However, the District Court determined that Davis had failed to show a causal link between his constitutionally protected conduct and the adverse action. The District Court also held that Filipak had proven that Davis's placement into administrative custody and his transfer to another facility were reasonably related to a legitimate penological interest. We agree. The declarations of Michael Griego and Robert Komsisky provide that, after Filipak made the initial report informing his supervisor about the children's altercation, he had no further influence in the decision making process. (Def.'s Supp. App. to Mot. for Summ. J.). Griego's declaration states that he, not Filipak, approved the transfer of Davis to administrative custody pending review of the program review committee to eliminate the appearance of a conflict of interest between Filipak and Davis. Id. at 2. Furthermore, Griego's declaration states that when a conflict of interest arises between an inmate and a staff member, the safety and stability of the institution requires that those individuals be separated. Id.

Because Filipak did not make the decision to place Davis into administrative custody or transfer him to another facility and because the decision to place Davis in administrative custody and to transfer him to another facility was reasonably related to a legitimate penological interest, namely the security of the facility, the District Court

4

properly granted Filipak's motion for summary judgment.  Because this appeal presents no substantial question, we will summarily affirm the District Court's order.  <u>See</u> Third Circuit LAR 27.4 and I.O.P. 10.6.

Davis's motion for appointment of counsel is denied.