OPINION
PER CURIAM.
Ronald Jackson, a state prisoner proceeding pro se, appeals from the District Court’s order denying his motion for summary judgment and granting defendants’ cross-motion for summary judgment. Because the appeal does not present a substantial question, we will summarily affirm. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.
I.
Jackson, an inmate incarcerated at SCI-Graterford, Pennsylvania, filed a pro se civil rights action against a host of prison officials, alleging that his constitutional rights were violated over the course of nine months. Jackson claimed that from September 2006 to June 2007, prison officials wrongly charged him with misconduct and repeatedly assaulted him in retaliation for his complaints. The District Court dismissed some of Jackson’s claims with prejudice and other claims without prejudice to his filing of an amended complaint. Jackson filed an amended complaint and moved for summary judgment. Defendants then filed a cross-motion for summary judgment. The District Court denied Jackson’s summary judgment motion and granted defendants’ cross-motion for summary judgment. The court concluded that Jackson failed to present any evidence to support his claims. Jackson now appeals from the order of the District Court denying his motion for summary judgment and granting summary judgment for defendants.
II.
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court’s dismissal. See DeHart v. Horn, 390 F.3d 262, 267 (3d Cir.2004). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Kaucher v. County of Bucks, 455 F.3d 418, 422-23 (3d Cir.2006). If a motion for summary judgment demonstrates that no genuine issue of material fact exists, the non-moving party must set forth specific facts showing a genuine material issue for trial and may not rest upon the mere allegations or denials of its pleadings. Connors v. Fawn Mining Corp., 30 F.3d 483, 489 (3d Cir.1994).
Upon careful review of the record, we agree with the District Court that summary judgment for defendants was appropriate. Jackson failed to provide any evidence to support the elements of his claims. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Jackson’s conclusory allegations of retaliation and excessive force— without any additional evidence — are insufficient to plausibly demonstrate that a genuine issue of material fact exists. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir.2001) (listing elements of retaliation claim); Smith v. Mensinger, 293 F.3d 641, 649 (3d Cir.2002) (listing factors for excessive force claims). His mere denials of facts do not merit the rejection of defendants’ summary judgment motion. See Fed.R.Civ.P. 56(e)(2) (“an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial”). Accordingly, the District Court properly denied Jackson’s summary judgment motion and granted defendants’ cross-motion for summary judgment. *334 As Jackson’s appeal presents no substantial question, we will summarily affirm the District Court judgment. See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6. Jackson’s motion for appointment of counsel and motion for a preliminary injunction are denied.