**Russell TINSLEY, Appellant**

v.

**GIORLA, Warden; Butler, Ms. Deputy Warden; North, c/o; Wheeler; Rodney Brockenbrough; Cuffee, Sergeant; Leon A. King, II; Knight, Lieutenant; Spellman, Lieutenant.**

No. 08–2295.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) March 2, 2010.

Opinion filed: March 11, 2010.

Russell Tinsley, Bridgeton, NJ, pro se.

Kelly S. Diffily, Esq., City of Philadelphia Law Department, Philadelphia, PA, for Giorla, Warden; Butler, Ms. Deputy Warden; North, c/o; Wheeler; Rodney Brockenbrough; Cuffee, Sergeant; Leon A. King, II; Knight, Lieutenant; Spellman, Lieutenant.

Before: SLOVITER, CHAGARES and WEIS, Circuit Judges.

OPINION

PER CURIAM.

Appellant Russell Tinsley appeals from the order of the United States District Court for the Eastern District of Pennsylvania granting Defendants' motion for summary judgment. We will affirm.

I.

In June 2005, Tinsley filed a pro se civil rights complaint under 42 U.S.C. § 1983 against several current and former Philadelphia Prison System ("PPS") officials and employees alleging that they denied him access to the courts. After the District Court appointed counsel to represent him, Tinsley filed an amended complaint pursuant to § 1983 against Leon King (then-Commissioner of PPS); Louis Giorla (then-Warden of Curran–Fromhold Correctional Facility ("CFCF")); CFCF Deputy Warden Osie Butler; CFCF Correctional Officer Wheeler; CFCF Correctional Officer Lorenzo North; Rodney Brockenbrough (then-Warden of Philadelphia Industrial Correction Center ("PICC")); PICC Sergeant Nakia Cuffee; PICC Lieutenant Carol Knight; and PICC Lieutenant Deurward Spellman.

In the amended complaint, Tinsley alleged that he suffered various violations of his constitutional rights, beginning in March 2005, while he was in custody at both CFCF and PICC. Specifically, Tinsley raised the following claims in the amended complaint: (1) inadequate access to the prison law library in violation of the Fourteenth Amendment; (2) denial of legal correspondence in violation of the First Amendment; (3) seizure of legal papers in violation of the Fourth Amendment; (4) retaliation for exercising his constitutional rights in violation of the First and Fourteenth Amendments; and (5) cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments.

Tinsley primarily argues that he was denied reasonable access to the law libraries at both facilities, prohibiting him from adequately preparing for his state criminal case. Specifically, he complained that because he has been representing himself in his criminal action, he should have been given daily access to the law library, total-

ing at least fifteen to twenty hours per week. Although the record indicates that Tinsley signed into the law library fifty-two times from March 2005 through November 2005, he alleges that Defendants denied him access on numerous occasions, even after he signed in. However, at his deposition, Tinsley was unable recall the exact number of times that he was denied library access despite having signed in.

In November 2005, Tinsley was hired as a law library trainee at PICC. In that position, he was assigned to the library five days each week for approximately five hours per day. Although Tinsley claimed that during that time he assisted other inmates and did not work on his own case, Defendant Spellman testified that he fired Tinsley in February 2006 because he was not helping other inmates with their cases and he failed to perform his duties in the library. One week after Tinsley was fired at PICC, he was transferred back to CFCF.

In March 2006, Tinsley's law library and legal mailing privileges were revoked pursuant to an order entered by the Court of Common Pleas of Philadelphia County. In August 2006, the Court vacated its earlier order and reinstated Tinsley's law library and legal mailing privileges. Tinsley claims that even after his privileges were reinstated, he was not granted adequate access to the law library at CFCF. Tinsley also alleged that Defendants engaged in at least six instances of retaliation against him during his time at CFCF and PICC as a result of his complaining about lack of library access as well as his filing of grievances against officials who denied him access.

At the close of discovery, Defendants moved for summary judgment on all of Tinsley's claims. After reviewing the parties' arguments, the District Court determined that no genuine issues of material fact exist with respect to Tinsley's § 1983 claims, and granted Defendants' motion for summary judgment. Tinsley filed a timely appeal of the District Court's determination.[1]

## II.

We have jurisdiction over the appeal under 28 U.S.C. § 1291 and exercise plenary review over the District Court's decision to grant summary judgment. *McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir.2005). Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A court reviewing a summary judgment motion must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Brewer v. Quaker State Oil Ref. Corp.*, 72 F.3d 326, 330 (3d Cir.1995). However, a party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir.2005).

## III.

### *Access to Courts Claim*

■ First, the District Court properly concluded that Tinsley was unable to set forth facts demonstrating that he sustained an actual injury as a result of the

---

1. Tinsley challenges the District Court's order only with respect to his access-to-courts claim and his retaliation claim. Accordingly, review of all other claims has been waived. *See*

*Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993) (an issue is waived unless a party raises it in its opening brief).

alleged denial of access to the law libraries at CFCF and PICC. As mentioned, Tinsley alleged that Defendants' failure to grant him a reasonable amount of time in the law libraries at CFCF and PICC—according to Tinsley, fifteen to twenty hours per week—violated his right of access to the courts.

Prisoners have a fundamental right to access the courts. *Lewis v. Casey,* 518 U.S. 343, 346, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). However, a prisoner making an access-to-courts claim is required to show that the denial of access caused actual injury. *Id.* at 352–54, 116 S.Ct. 2174. Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Christopher v. Harbury,* 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002).

We agree with the District Court that Tinsley failed on summary judgment to show any "actual injury" resulting from the alleged denial of his right to access the law libraries at both facilities. Tinsley, in his deposition, could not point to any missed deadlines that resulted in a "loss or rejection of a legal claim." *See Oliver v. Fauver,* 118 F.3d 175, 177 (3d Cir.1997). In addition, he could not point to any specific deadline missed or any prejudice that he suffered as a result of prison officials' alleged actions. In fact, the record shows that access to the law libraries at CFCF and PICC enabled Tinsley to initiate two civil actions in the District Court and file numerous motions in his criminal action in the Court of Common Pleas. Accordingly, the District Court properly granted summary judgment on this claim.

### Retaliation Claim

We also agree with the District Court that there is no genuine issue of material fact regarding Tinsley's retaliation claim. As mentioned earlier, Tinsley argued that Defendants retaliated against him in various ways for filing grievances against them for denying him access to the law libraries at CFCF and PICC.

■ To show retaliation, a prisoner must demonstrate that he was engaged in constitutionally protected conduct, that the prison officials caused him to suffer "adverse action," and that his constitutionally protected conduct was a motivating factor in the officials' decision to discipline him. *Carter v. McGrady,* 292 F.3d 152, 158 (3d Cir.2002) (citing *Rauser v. Horn,* 241 F.3d 330, 333 (3d Cir.2001)). However, prison officials may still prevail by proving that they would have made the same decision even if the prisoner was not engaging in constitutionally protected conduct. *Id.* The District Court appropriately concluded that Tinsley is unable establish a genuine issue of material fact regarding the third step of the *Carter* analysis, i.e. causation.

Tinsley alleged that Defendants engaged in a series of retaliatory acts in response to his filing of grievances against them, including transferring him from CFCF to PICC, verbally threatening him, firing him from the PICC library, and refusing to hire him at the CFCF library. However, Tinsley did not set forth evidence suggesting that these alleged retaliatory acts were somehow motivated by his reporting their refusal to grant him access to the library.

For example, although Tinsley claims that he was transferred from CFCF to PICC for having filed grievances against Defendants Wheeler and North and for filing his lawsuit in the District Court, he fails to identify who actually transferred him, who at CFCF possessed the authority to transfer him, or that such person was aware of the grievances filed against Defendants Wheeler and North. Furthermore, there is no evidence to suggest that the transfer constituted an "adverse action." *Rauser,* 241 F.3d at 333.

Likewise, although Tinsley alleges that Defendants Spellman and Knight fired him from his position at the PICC library based on his history of filing grievances, both Spellman and Knight testified at their depositions that they were unaware that Tinsley filed any grievances against prison officials. Likewise, Tinsley admitted at his deposition that he could only infer that Knight and Spellman had prior knowledge about his filing of grievances before they fired him. Accordingly, we agree with the District Court that Tinsley was unable to set forth evidence that his filing of grievances was the motivating factor behind Defendants' alleged actions. Summary judgment was therefore appropriate. Accordingly, we will affirm the judgment of the District Court. Appellant's motion to file a supplemental appendix is denied as the proffered exhibits either duplicate documents previously included in Appellees' supplemental appendix or relate to a wholly different litigation.