DLD-029                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3089
_____

KARL B. MANUEL,
Appellant

v.

SERGEANT ATKINS, as employee at Sussex Violation of Probation Center (SVOP);
JOHN DOE, name unknown of a supervisor at the Delaware Department of
Transportation; JANE DOE, name unknown of a nurse employee or contractor at Sussex
Violation of Probation Center, Correctional Medical Services, Inc.; WARDEN
WILLIAM OETTEL, as employee at Sussex Violation of Probation Center (SVOP);
STATE OF DELAWARE DEPARTMENT OF TRANSPORTATION, (DELDOT);
CORRECTIONAL MEDICAL SERVICES, ("CMS")
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1:10-cv-00962)
District Judge:  Honorable Sue L. Robinson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 31, 2013
Before:  SMITH, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: November 05, 2013)
_____

OPINION
_____

PER CURIAM

Karl B. Manuel appeals pro se from the District Court's order granting a motion for summary judgment filed by Sergeant Adkins,[1] Warden William Oettel, and the State of Delaware's Department of Transportation ("DelDOT" and, together with Adkins and Oettel, the "Appellees"). Because the appeal presents no substantial question, we will summarily affirm the District Court's judgment.

**I**.

In November 2010 Manuel, a prisoner at Sussex Violation of Probation Center ("SVOP") in Georgetown, Delaware, filed a pro se civil rights complaint in the District Court against Adkins, DelDOT employee John Doe, and Correctional Medical Services, Inc. ("CMS") employee Jane Doe. In April 2011 Manuel filed an amended complaint to assert additional claims against Oettel, and against DelDOT and CMS. In October 2011, Manuel voluntarily dismissed CMS and Jane Doe.

In his amended complaint Manuel asserted that he and approximately 11 other prisoners were assigned to road crew duty to maintain the highways after a blizzard. Their work included cutting down trees and branches that were above power lines near the highway. Manuel asserted that John Doe instructed him to work from the bed of a DelDOT truck and to use a pole saw to cut down branches. Manuel further asserted that John Doe instructed another prisoner to cut down the tree that Manuel was working on, resulting in the tree falling onto the truck, pinning Manuel in the bed of the truck and knocking him unconscious. Manuel asserted that Adkins and John Doe extricated him from the truck bed, despite his requests not to be moved, and took him back to SVOP to

---

[1] The correct spelling of the appellee's name appears to be Adkins.

be seen by CMS. Manuel further claims that, due to his filing a grievance based upon his mistreatment, he was transferred from SVOP, a level four facility, to Sussex Correctional Institute, a level five facility. In his amended complaint, which explicitly invoked 42 U.S.C. § 1983, Manuel asserted that Adkins and John Doe violated his Eighth Amendment rights when they exhibited deliberate indifference to his medical needs, and that Oettel violated his First Amendment rights by retaliating against him on account of the grievance. Manuel also asserted negligence claims against John Doe and DelDOT, and a claim for gross negligence against Adkins based upon allegedly placing Manuel at risk during the highway maintenance.

In January 2013 the Appellees (on their own behalf and on behalf of John Doe) filed a motion for summary judgment. Subsequently, Manuel filed a motion for summary judgment and a motion for an expert witness. In June 2013 the District Court entered a memorandum and order granting Appellees' motion for summary judgment and denying Manuel's motions as moot. It concluded that the record did not demonstrate that Adkins knew of a substantial risk of serious harm and that transporting Manuel to CMS, which routinely handled inmate care, was not unreasonable. The District Court further noted that Adkins did not delay or deny medical treatment. The District Court also concluded that Adkins was not grossly negligent, as he did not consciously disregard a risk of serious harm from supervising the road crew.

As to Manuel's First Amendment claim, the District Court noted that prisoners do not have due process rights to be incarcerated at a particular facility, and that the record did not support a finding that Manuel's transfer was anything but routine. Finally, the

3

District Court dismissed Manuel's claims against John Doe for failure to substitute an individual for John Doe or to serve the complaint during the 120 day service period, and dismissed the claims against DelDOT based upon Eleventh Amendment immunity. Manuel timely appealed the District Court's order.

**II**.

We have appellate jurisdiction under 28 U.S.C. § 1291. Our review of a District Court's orders granting a motion for summary judgment is plenary. DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). We must determine whether, viewing the evidence in the light most favorable to Manuel and drawing all inferences in his favor, there was no genuine issue of material fact and the Appellees were entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Reedy v. Evanson, 615 F.3d 197, 210 (3d Cir. 2010).

**III**.

The District Court correctly granted the motion for summary judgment. In order to set forth a cognizable Eighth Amendment claim against Adkins, Manuel needed to show that he had a serious medical need towards which Adkins was deliberately indifferent. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).[2] Adkins could be considered deliberately indifferent if he knew that Manuel faced a substantial risk of serious harm and if he failed to take reasonable steps to avoid the harm. See Farmer v. Brennan, 511 U.S. 825, 837-38 (1994); Giles v. Kearney, 571 F.3d 318, 330 (3d Cir.

---

[2] We assume without deciding that Manuel's injuries constituted a serious medical need. Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

4

2009). Adkins could also have been considered deliberately indifferent if he delayed or denied Manuel medical care. See Estelle, 429 U.S. at 104-05.

As noted by the District Court, nothing in the record established that Adkins knew of a substantial risk of harm to Manuel, or that his decision to transport Manuel to CMS was unreasonable under the circumstances. Adkins did not deny or delay treatment and, while Manuel may have preferred treatment from someone other than CMS or a different type of treatment, he was not entitled to dictate the treatment he received. See Harrison v. Barkley, 219 F.3d 132, 136 (2d Cir. 2000).[3] As Adkins acted reasonably in transporting Manuel to CMS for medical treatment,[4] we conclude that he was not deliberately indifferent to Manuel's medical needs. See Giles, 571 F.3d at 330 ("prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk') (citing Farmer 511 U.S. at 844).

---

[3] To the extent that Manuel questioned the treatment he received from Jane Doe and CMS, Adkins is not responsible. Prison officials who are not physicians are entitled to defer to the medical judgment of staff physicians, and cannot be considered deliberately indifferent for failing to respond to an inmate's medical needs where the inmate was already receiving treatment from the prison's medical staff. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). As to Jane Doe and CMS, Manuel asserted that after being misdiagnosed by CMS, he was sent back to his cell and later became immobilized and was ultimately diagnosed with several herniated discs. However, as Manuel voluntarily dismissed Jane Doe and CMS from this case, we need not address his medical treatment or whether Jane Doe or CMS were deliberately indifferent.

[4] While transporting Manuel to CMS may not have been the best course of action in light of Manuel's injuries, Manuel is not entitled to the best possible care so long as reasonable measures are taken to avoid substantial risk of serious harm. See Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997).

5

Manuel's gross negligence claim against Adkins appears to be a Delaware state law claim, which the District Court had supplement jurisdiction over pursuant to 28 U.S.C. § 1367(a). Manuel bases his claim on Adkins' supervisory role over Manuel and the road crew that were cutting down the trees. The Delaware Supreme Court has defined gross negligence as a higher level of negligence representing "an extreme departure from the ordinary standard of care." Browne v. Robb, 583 A.2d 949, 953 (Del. 1990).[5] However, nothing in the record suggested that Adkins made an extreme departure from the ordinary standard of care. Rather, Manuel testified that Adkins was not supervising the actual work performed but was simply there to monitor the prisoners to ensure that they did not leave the area. Manuel further asserted that he and the other inmates were following DelDOT's orders, and that it was John Doe who instructed Manuel to work from the truck bed and who also instructed the other inmate to cut down the tree that ultimately injured Manuel. Accordingly, there is nothing to support a finding that it was Adkins who departed from the applicable standard of care. Accordingly, Adkins was entitled to summary judgment in his favor.[6]

---

[5] Manuel must assert a gross negligence claim, as opposed to mere negligence, as the Delaware Tort Claims Act provides immunity to public officials if the act or omission complained of were done without gross or wanton negligence. See Hanson v. Morton, 67 A.3d 437, 441 (Del. 2013) (citing 10 Del. C. § 4001),

[6] The District Court treated Manuel's negligence claim as a substantive due process claim. We understand the claim as a state-law claim brought pursuant to 28 U.S.C. § 1367. To the extent that Manuel's claim was a constitutional claim, Manuel needed to show that Adkins consciously disregarded a great risk that serious harm would result from his conduct. See Ziccardi v. City of Philadelphia, 288 F.3d 57, 66 n.6 (3d Cir. 2002). However, as under our state law gross negligence analysis, nothing in the record suggested that Adkins consciously disregarded a great risk of harm. As Manuel was not supervising the actual work performed, nothing supports a finding that it was Adkins who

As to Manuel's retaliation claim against Oettel, Manuel needed to demonstrate that he was subject to an adverse action by Oettel on account of filing the grievance. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (prisoner must prove that his engagement in protected activity was a substantial motivating factor for a state actor's decision to take adverse action). However, nothing in the record suggests that Oettel was aware of Manuel's medical issues or his grievance, or that Oettel knew the reason Manuel was transferred. Accordingly, the District Court properly granted summary judgment in favor of Oettel.

Further, we agree with the District Court's determination that DelDOT, as an agency of the State of Delaware, was entitled to immunity under the Eleventh Amendment. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Finally, the District Court properly dismissed all claims against John Doe, as Manuel failed to serve John Doe within the 120 day service period, and failed to discover the identity of John Doe despite being given the opportunity to do so. See Fed. R. Civ. P. 4.

**IV**.

For these reasons, the District Court properly granted the motion for summary judgment. Because this appeal presents us with no substantial question, we will summarily affirm the District Court's order. See 3rd Cir. LAR 27.4 and I.O.P. 10.6.

---

disregarded a great risk to Manuel. Further, to the extent that Adkins was responsible for the work being done, there is no evidence that he consciously disregarded a great risk that the inmates under his care would be injured during their work, which had been performed all morning with no incidents.

7