241 F.3d 330 (3rd Cir. 2001)
 HENRY RAUSER, APPELLANT
v.
MARTIN HORN, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS; WILLIAM F. WARD, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF THE PENNSYLVANIA BOARD OF PAROLE
 No. 99-4013
 UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
 Submitted Under Third Circuit LAR 34.1(a) January 23, 2001
Filed February 26, 2001
As amended March 8, 2001.
 
 On Appeal From the United States District Court for the Western District of Pennsylvania (D.C. No. 98-cv-01538) District Judge: Honorable William L. StandishCounsel for Appellant: Jon Romberg, Esquire Seton Hall University School of Law 833 McCarter Highway Newark, NJ 07102
 Counsel for Appellees: Calvin R. Koons, Esquire Office of Attorney General of Pennsylvania Strawberry Square, 15th Floor Harrisburg, PA 17120
 Before: Nygaard, Alito, and Rosenn, Circuit Judges.
 OPINION OF THE COURT
 Rosenn, Circuit Judge.
 
 
 1
 In this appeal, we are called upon to announce the burden of proof that a prisoner must shoulder when he alleges that prison officials have retaliated against him for exercising his constitutional rights. The plaintiff, Henry Rauser, is an inmate serving his eighth year of a five to ten year sentence for a drug-related offense. He filed this suit in the United States District Court for the Western District of Pennsylvania alleging that the officials at the Pennsylvania State Correctional Facility at Camp Hill violated his First Amendment right to religious freedom and retaliated against him when he insisted on exercising that right. The District Court held that the prison officials had violated the Establishment Clause as a matter of law and enjoined further violations. However, it dismissed Rauser's retaliation claim on summary judgment. Although the former decision is not challenged on appeal, Rauser timely appealed from the grant of summary judgment on his retaliation claim. For the following reasons, we reverse and remand for further proceedings consistent with this opinion.
 
 I.
 
 2
 In 1997, Rauser became eligible for parole. In preparation for his parole review, the Pennsylvania Department of Corrections ("the DOC") issued a Prescriptive Program Plan for Rauser, which required him to complete a series of behavioral programs before the DOC would recommend his release. Among the programs Rauser was required to complete were Alcoholics Anonymous ("AA") and/or Narcotics Anonymous ("NA"). Both of these programs are centered on a belief in a Supreme Being and require participants to accept God as a treatment for their addictions.
 
 
 3
 After completing a related religious substance abuse program known as the "New Values Ten Week Twelve-Step Lecture," Rauser objected to continuing in AA/NA on the basis of his own religious beliefs. In spite of this objection, the DOC refused to consider recommending Rauser for parole unless he participated in AA or NA. The DOC did not offer Rauser a non-religious alternative to these programs until after he had filed the complaint in this action.
 
 
 4
 Rauser alleges that the Department took three actions in retaliation for his insistence on religious freedom. First, the DOC transferred Rauser from its Correctional Facility in Camp Hill, Pennsylvania, to a facility in Waynesburg, Pennsylvania, far from his home and family. When he arrived at the Waynesburg facility, the DOC changed Rauser's job classification from Class 3, Step D, the highest level attainable by an inmate, to Class 1, Step A, the lowest possible designation. This reclassification was accompanied by a dramatic drop in Rauser's rate of pay, from $.41 per hour to $.18 per hour. Finally, the DOC refused to recommend Rauser for parole, stating that "this recommendation is based on the incompletion of programs stipulated in [Rauser's] PPP, i.e.,[the] D[rug] & A[lcohol] program."
 
 
 5
 On September 16, 1998, several months after he received a negative parole recommendation, Rauser filed this 42 U.S.C. § 1983 action in the United States District Court for the Western District of Pennsylvania. His complaint alleged that the DOC's requirement that he participate in religious addition therapy violated the Establishment and Free Exercise clauses of the First Amendment. He sought declaratory and injunctive relief, as well as monetary damages for these violations. Rauser also sought declaratory, injunctive and monetary relief for the allegedly retaliatory transfer and wage reduction. The District Court referred Rauser's case to Magistrate Judge Francis X. Caiazza (MJ).
 
 
 6
 The defendant prison officials moved to dismiss Rauser's complaint for failure to state a claim or, alternatively, for summary judgment. Judge Caiazza issued a report recommending that the defendants' motion for summary judgment on Rauser's Free Exercise claim be denied because the AA/NA requirement violated the Establishment Clause as a matter of law. The MJ further recommended that the defendants be ordered to allow Rauser to decline to participate in religious programs and that all entries in the DOC's files adversely affecting Rauser's parole eligibility based on his refusal to complete such programs be expunged. The District Court adopted these recommendations, none of which are challenged on appeal.
 
 
 7
 Judge Caiazza also recommended that the District Court grant the defendants' motion for summary judgment on Rauser's retaliation claim. The District Court adopted this recommendation in an Order dated December 3, 1999, holding that Rauser enjoyed no constitutional protection against retaliation because he possessed no protected liberty interest in early parole, prison wages, or a specific place of confinement. This order is the subject of this appeal. We hold that the relevant question is not whether Rauser had a protected liberty interest in the privileges he was denied, but whether he was denied those privileges in retaliation for exercising a constitutional right.[1] Because Rauser has demonstrated that material questions of fact relevant to this inquiry exist, we reverse the order of summary judgment and remand this case for trial.
 
 II.
 
 8
 In a recent case entitled Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000), this court held that, "government actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for the exercise of a constitutional right." (quoting Thaddeus-X v. Blatter, 175 F.3d 378, 386 (6th Cir. 1999)(en banc)). Accordingly, the law of this circuit is clear that a prisoner litigating a retaliation claim need not prove that he had an independent liberty interest in the privileges he was denied. Our primary purpose in this appeal, therefore, is to set forth with specificity the elements of a prisoner's cause of action for retaliation and the burden of proof he must carry to succeed.
 
 
 9
 As a threshold matter, a prisoner-plaintiff in a retaliation case must prove that the conduct which led to the alleged retaliation was constitutionally protected. See Thaddeus-X, 175 F.3d at 389; Drexel v. Vaughn, 1998 WL 151798 at *7 (E.D.Pa.)(determining that prisoner had engaged in constitutionally protected conduct before proceeding with retaliation inquiry). In this case, the District Court determined that Rauser's refusal to participate in a religious program was protected by the First Amendment. This conclusion has not been challenged on appeal.
 
 
 10
 Next, a prisoner litigating a retaliation claim must show that he suffered some "adverse action" at the hands of the prison officials. See Allah, 229 F.3d at 225. Under Allah, a prisoner-plaintiff satisfies this requirement by demonstrating that the action "was sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." Id. Here, Rauser has produced evidence that he was denied parole, transferred to a distant prison where his family could not visit him regularly, and penalized financially. The prison officials do not dispute this evidence. Accordingly, Rauser has presented sufficient evidence of adversity to survive summary judgment.
 
 
 11
 Once these two threshold criteria are met, there remains the question of how a prisoner-plaintiff must go about proving a causal link between the exercise of his constitutional rights and the adverse action taken against him. This is a question of first impression in this circuit. In Mount Healthy Bd. of Ed. v. Doyle, 429 U.S. 274, 287 (1977), the Supreme Court used a burden-shifting framework to decide a retaliation case that arose in the public employment context. The Court held that the plaintiff bore the initial burden of proving that his constitutionally protected conduct was "a substantial or motivating factor" in the decision to discipline him. See id. The burden then shifted to the defendant to prove by a preponderance of the evidence that it would have taken the same disciplinary action even in the absence of the protected activity. See id. In this appeal, we join the several circuits that have imported the Mount Healthy burden-shifting framework into the prison context.[2] See Thaddeus-X, 175 F.3d at 399; Graham v. Henderson, 89 F.3d 75, 80 (2d Cir. 1996); Babcock v. White, 102 F.3d 267, 275 (7th Cir. 1996).
 
 
 12
 We recognize that the task of prison administration is difficult, and that courts should afford deference to decisions made by prison officials, who possess the necessary expertise. In Turner v. Safely, 482 U.S. 78, 89 (1987), the Supreme Court held that a prison regulation that impinges on the constitutional rights of an inmate is valid if it is "reasonably related to legitimate penological interests." In adopting the Mount Healthy framework, we do not discard the deferential standard articulated in Turner. Rather, we incorporate the balancing test announced in Turner into the Mount Healthy bur den-shifting framework. This means that, once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest.
 
 III.
 
 13
 Applying the standard discussed above to the case before us, we conclude that summary judgment was improper. In determining whether summary judgment is proper, the court must view the evidence and all justifiable inferences to be drawn therefrom in the light most favorable to the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Rauser has presented a great deal of evidence from which a reasonable jury could conclude that the prison officials penalized him because he insisted on exercising his First Amendment rights. First, Rauser has sworn that a DOC official warned him shortly before his transfer not to "try and disrupt their alcohol programs" with constitutional challenges and threatened that such challenges would result in a denial of parole. Second, the DOC acknowledged that its failure to grant Rauser a favorable parole recommendation was due to his "failure to complete prescribed treatment plans," specifically AA/NA.
 
 
 14
 Finally, Rauser has demonstrated a suggestive temporal proximity between his insistence on his First Amendment rights and his transfer and wage reduction. See Farrell v. Planters Lifesavers Co., 206 F.3d 271, 280 (3d Cir. 2000)(stating that suggestive timing is relevant to causation in retaliation case). The District Court noted that Rauser first raised his religious objections "prior to January 1998." On January 26, 1998, the DOC transferred Rauser to the Waynesburg facility and cut his wages by more than half. On the eve of that transfer, a DOC official warned Rauser that if he continued to disrupt prison programs with Constitutional challenges, he would be punished with a denial of parole.
 
 IV.
 
 15
 Viewing the evidence as a whole in the light most favorable to Rauser, we conclude that a reasonable jury could determine that Rauser's protected conduct was a motivating factor in the DOC's decision to transfer him, cut his wages and deny him parole. The DOC has offered no evidence to suggest that these actions were taken for any other reason, penologically legitimate or otherwise. Accordingly, the District Court's grant of summary judgment will be reversed and the case remanded for further proceedings consistent with this opinion. Costs to be taxed against the appellee.
 
 
 
 NOTES:
 
 
 [1]
 The prison officials concede on appeal that the District Court failed to apply the proper legal standard for evaluating constitutional retaliation claims. Accordingly, we have concluded that oral argument would not materially assist in the resolution of this appeal. We therefore order the case submitted without oral argument.
 
 
 [2]
 But see Goff v. Burton, 7 F.3d 734, 737 (8th Cir. 1993). Cf. Woods v. Smith, 60 F.3d 1161, 1166 & n.26 (5th Cir. 1995) (citing Mount Healthy but stating that the prisoner must establish that but for the retaliatory motive the complained of incident would not have occurred); McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979) (same).