OPINION
PER CURIAM.
Alonzo Hodges appeals pro se the District Court’s order granting defendant Dr. Saavedra’s motion to dismiss and its subsequent order granting summary judgment in favor of the remaining defendants. For the reasons discussed below, we agree with the District Court’s disposition of these motions and will dismiss the appeal.

I.

Hodges is an inmate at SCI-Fayette, which is run by the Pennsylvania Department of Corrections (“DOC”). He filed a civil rights complaint pursuant to 42 U.S.C. § 1988 in District Court against a number of DOC employees, claiming that they violated his First, Eighth, and Fourteenth Amendment rights.
For some time prior to June 2006, Hodges was housed in a single cell pursuant to his “‘Z’ code” (single-cell) status. In June 2006, prison officials reevaluated and revoked that status and Hodges was double-celled.[1] Hodges asserts that, in addition to this change in housing status, his security risk status was elevated, which prevented him from working certain jobs. He further alleges that defendants made the security status change in retaliation after he stated his intention to file a lawsuit.[2] He filed numerous grievances related to the change in his cell status, including some for alleged retaliation, and exhausted his administrative remedies. 42 U.S.C. § 1997e(a); Spruill v. Gillis, 372 F.3d 218, 227-28 (3d Cir.2004). Hodges claims to have sustained psychological and physical harm as the result of being “forced” to share a cell. He also asserts that his new cell mate assaulted him. He seeks the “return of [his] z-o code (single-cell status),” as well as compensatory damages in the amount of $20,000 and $350,000 in punitive damages.
The District Court adopted the Magistrate Judge’s Report and Recommendation and granted Dr. Saavedra’s motion to dismiss on November 15, 2007, 2007 WL 4608448.[3] The District Court later *848 adopted the Magistrate Judge’s second Report and Recommendation and entered judgment in favor of the remaining defendants on November 25, 2008, 2008 WL 5049742. Hodges filed a timely notice of appeal.

II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review of an order granting a motion to dismiss is plenary. See Santiago v. GMAC Mortg. Group, Inc., 417 F.3d 384, 386 (3d Cir. 2005). “To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face.’ ” Ashcroft v. Iqbal, — U.S.-,-, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In deciding a motion to dismiss, a court must determine whether the complaint “pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” Id. (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955).
In reviewing a District Court’s grant of summary judgment, we apply the same test the District Court applied. Saldana v. Kmart Corp., 260 F.3d 228, 231 (3d Cir.2001). Summary judgment is proper when, viewing the evidence in the light most favorable to the non-moving party and drawing all inferences in that party’s favor, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. at 232; Fed.R.Civ.P. 56(c). The party opposing summary judgment “may not rest upon the mere allegations or denials of the ... pleading,” but “must set forth specific facts showing that there is a genuine issue for trial.” Saldana, 260 F.3d at 232 (citing Fed.R.Civ.P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

III.

Hodges alleges generally that Dr. Saavedra “supported” the prison’s decision to revoke his “Z” code status. Hodges also alleges that Dr. Saavedra’s male secretary impersonated him during Hodges’ examinations and that Dr. Saavedra allowed prison officials to view Hodges’ medical records for the purpose of making a determination about his cell status. Dr. Saavedra filed a motion to dismiss arguing that Hodges failed to allege that Dr. Saavedra had the authority to either deny or grant inmate cell assignment requests or that Dr. Saavedra had failed to provide treatment. The Magistrate Judge agreed and recommended granting the motion to dismiss. The District Court adopted the recommendation.
Absent any assertion of attendant harm, Hodges’ allegation that an imposter stood in for Dr. Saavedra does not raise a federal claim. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Hodges does not allege that Dr. Saavedra failed to provide treatment or disregarded a known risk of harm. See e.g. Farmer, 511 U.S. 825, 114 S.Ct. 1970; Estelle, 429 U.S. at 106, 97 S.Ct. 285. Instead, Hodges merely alleges fraud and attempts to challenge Dr. Saavedra’s credibility.
Hodges next claims that Dr. Saavedra conspired with the remaining defendants to “illegally” revoke his “Z code” status. Hodges claims that Dr. Saavedra put him at risk by allowing prison staff access to his psychiatric records. However, Hodges fails to plead sufficient factual content to allow us to “draw the reasonable inference that the defendant is liable for the misconduct alleged.” Ashcroft v. Iqbal, 129 S.Ct. at 1949. Hodges never states who was given access to his medical information, nor does he allege that Dr. Saavedra’s *849 actions put him at risk of harm from the prison population. He does not specify what harm he faced, other than the revocation of his “Z code” status. It is apparent that his claim against Dr. Saavedra hinges upon his belief that he has a liberty interest in being single-celled. As explained in greater detail below, Hodges does not have a liberty interest in being single-celled. As a result, he does not state a claim against Dr. Saavedra.

IV.

Hodges claims that the remaining defendants violated his Fourteenth Amendment due process rights by revoking his “Z” code status and forcing him to double-cell. States “may under certain circumstances create liberty interests which are protected by the Due Process Clause.” Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Such interests are generally limited to “freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.” Id. It is well-settled that prisoners do not have a due process right to be single-celled. See Rhodes v. Chapman, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). We agree with the District Court that Hodges has not been subjected to atypical and significant hardship because his “Z” code status has been revoked and he must now share a cell.[4]
Hodges next claims that defendants violated his Eighth Amendment rights, but again does not support the claim. The Magistrate Judge considered Hodges’ factual allegations concerning the psychological and physical impacts of double-ceiling, including an altercation with his cell mate[5], and concluded that Hodges did not establish a violation of his Eighth Amendment rights. We agree with the District Court that Hodges’ complaints of depression, paranoia, and physical discomfort do not rise to the level of an Eighth Amendment violation.
Prison officials’ “ ‘deliberate indifference’ to a substantial risk of serious harm to an inmate violates the Eighth Amendment.” Farmer v. Brennan, 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Prison officials must “take reasonable measures to guarantee the safety” of inmates. Id. at 832, 114 S.Ct. 1970 (quoting Hudson v. Palmer, 468 U.S. 517, 526-27, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)). The single, two year-old incident with his cell mate that Hodges asserts does not establish that prison officials “kn[e]w of and disregard[ed] an excessive risk to [his] health or safety.” Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir.2001) (citing Farmer v. Brennan, 511 U.S. at 837, 114 S.Ct. 1970).
Finally, Hodges claims that defendants retaliated against him for filing grievances by placing him in restricted housing[6] and disqualifying him for work in the prison cafeteria. To state a cause of action for retaliation by prison officials, a prisoner must demonstrate that he was engaged in constitutionally protected conduct, that the prison officials caused him to *850 suffer “adverse action,” and that his constitutionally protected conduct was a motivating factor in the officials’ decision to discipline him. Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir.2002) (citing Rauser v. Horn, 241 F.3d 330, 333 (3d Cir.2001)). The Magistrate Judge recommended granting defendants’ motion for summary judgment on the retaliation claim because they submitted affidavits, which Hodges did not contest, regarding Hodges’ housing and work status. Because the uncontested evidence shows that Hodges’ temporary placement in segregated housing and the change in his work status were the result of his own misconduct, we agree with the District Court that summary judgment was warranted on Hodges’ retaliation claim.

V.

After careful consideration, we have concluded that there is no arguable merit to this appeal. Accordingly, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e). Hodges’ motion for an injunction seeking the return of his single cell status is redundant to the claims he raises on appeal and is denied. His motion for an injunction seeking the return of his legal documents is also denied.[7]

. Defendant/appellee Shelly Mankey's affidavit states that Hodges’ “temporary 'Z' code status [was] removed, primarily because he had not been involved in altercations with his cellmates and because having ‘Z’ code status in the past had not resulted in a positive impact on Hodges’ attitude and adjustment.”

. Hodges nevertheless admits that prison officials explained to him that the change in his security risk status was in response to a March 2006 incident of misconduct.

.The District Court also denied Hodges' motion for leave to file an amended complaint and his motion to amend the complaint. Hodges sought to add a defendant, Robert Tretinik, and a claim that Tretinik violated his rights by permitting non-medical prison staff members to review his psychiatric records for the purpose of reviewing his cell status. We agree with the District Court that Hodges claim against the proposed defendant is without merit for the same reasons discussed below with respect to Dr. Saavedra.

.We note the Magistrate Judge analyzed Hodges’ due process claim under the "mandatory language” test articulated in Hewitt v. Helms, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983), which was abandoned in Sandin v. Conner, 515 U.S. at 472-73, 115 S.Ct. 2293. Any error is without consequence, given that the Magistrate Judge also based her conclusion on Sandin.

. Hodges alleges that in July 2006 his cell mate "knocked” Hodges' hand from a light switch and pushed him against a wall during a disagreement about the light.

. Hodges was temporarily placed in the restricted housing unit for his initial refusal to double-cell.

. To the extent Hodges argues that the seizure of his legal papers may prevent him from filing grievances in the future, Hodges may pursue an action in the District Court for the return of his papers, if necessary.