BLD-374                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1711
_____

JOHNSON OBIEGBU,
                    Appellant

v.

WARDEN LORETTO FCI; DR. J. TRIMBATH, Medical Director;
S. BURKE, Physician Assistant; DR. SHEDLOCK, Optometrist;
DR. MICHAEL CASH, Medical Director; DR. HOWARD, Opthamologist;
RODGRIGUEZ MIRALLES, HSS, IOP/IDC; CRAIG WIRFEL, Counselor
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-10-cv-00277)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary
Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
September 5, 2014

Before: AMBRO, CHAGARES and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 16, 2014 )
_____

OPINION
_____

PER CURIAM

Pro se litigant Johnson Obiegbu, proceeding in forma pauperis, appeals the District Court's order granting summary judgment to Defendant Craig Wirfel. For the reasons set forth below, we will summarily affirm the District Court's judgment.

On July 13, 2010, an inmate named Solomon was transferred into the 8-man cell in which Obiegbu was housed at the Federal Correctional Institute in Loretto, Pennsylvania. The following month, Solomon complained to prison medical staff about itchiness and was diagnosed with scabies on August 17.[1] He was quarantined and prescribed medication for the condition. On August 31, he was evaluated as in remission and released from isolation. In the meantime, Obiegbu filed a grievance complaining about the "psychological and emotional injury" he sustained as a result of being housed alongside someone later diagnosed with scabies. In May of 2011, approximately nine months after Solomon's brief time in his cell, Obiegbu was transferred to the United States Penitentiary, Canaan, and was diagnosed with scabies.

Obiegbu initiated this action in the Western District of Pennsylvania in November 2010, asserting a number of constitutional violations against eight defendants, pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The District Court granted the Defendants' motion to dismiss the complaint as to

---

[1] According to an exhibit submitted by Obiegbu and attributed to the Mayo Clinic, scabies is an itchy skin condition caused by a mite. Solomon had been treated for scabies at his previous facility, but the condition was considered resolved. Solomon did in fact complain about itchiness at Loretto prior to the August diagnosis of scabies, but his itchiness had been attributed to other maladies, including "dermatitis/eczema due to unspecified cause" and "possible psoriasis."

all defendants and claims with one exception: Obiegbu's claim that Wirfel deliberately exposed him to scabies in retaliation for the grievances he had filed against Wirfel.

Discovery was conducted on this one remaining claim, after which Wirfel moved for summary judgment. The Magistrate Judge recommended granting that motion.[2] Obiegbu filed objections to the Magistrate Judge's report, but the District Court was unpersuaded by them. It granted Wirfel's motion for summary judgment, and Obiegbu filed a timely notice of appeal. We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's order granting summary judgment to Wirfel. See State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009).

To prove that prison officials retaliated against a prisoner for exercising his constitutional rights, the prisoner must show: (1) he had engaged in constitutionally-protected conduct; (2) he suffered adverse action by prison officials that is sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) a causal link between the exercise of the constitutional right and the adverse action taken against him. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001); see also Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002). Assuming, arguendo, that Obiegbu has presented evidence with respect to the first and second criteria, it is the third criterion on which this claim collapses.

---

[2] The Magistrate Judge opined that a First Amendment claim for retaliation, such as the one at bar, may not be cognizable under Bivens. He therefore chose to construe the complaint as an Eighth Amendment claim for deliberate indifference to serious medical needs. Obiegbu protests that approach. Because his complaint fails even under the First Amendment retaliation rubric (described infra), we need not, and do not, decide that question here.

Obiegbu claims that Wirfel knowingly exposed him to scabies in order to punish him for filing grievances. But Obiegbu has not presented any evidence that Wirfel actually knew Solomon had scabies at the time of the transfer. Obiegbu points to a "copout" from Robert Kutzer (who was housed with Obiegbu and Solomon) to a case manager named Mr. Perehinec, which noted that Solomon seemed itchy and asked whether he had been diagnosed with anything contagious. The copout is dated August 11, 2010. This August document between Kutzer and Perehinec says nothing about the issue in question, namely whether Wirfel knew Solomon had scabies at the time Solomon entered Obiegbu's cell.

Wirfel, for his part, has presented considerable evidence that he did not know. His sworn declaration indicates that he does not have access to inmates' medical records. Indeed, Solomon's medical records are offered to this Court only for in camera review. Furthermore, declarations from the prison health systems administrator and Solomon himself demonstrate that even if Wirfel did have access to Solomon's medical records, there would have been nothing to read in this regard; Solomon was not diagnosed with or even suspected of having scabies until a month after he was transferred to Obiegbu's cell.

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a). A dispute is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. See Thomas v. Cumberland Cnty., 749 F.3d 217, 222 (3d Cir. 2014). Because Obiegbu has presented no evidence to suggest that Wirfel knew Solomon had scabies at the time of the transfer, he

4

has failed to provide a sufficient evidentiary basis on which a reasonable jury could find the necessary causal link between his grievance-filing and his subsequent exposure to scabies. Without this critical element, a reasonable jury could not find retaliation. See Hill v. Lappin, 630 F.3d 468, 475 (6th Cir. 2010) (stating that to survive summary judgment on First Amendment retaliation claim, some evidence of retaliatory motive is required, and conclusory allegations unsupported by material facts will not suffice); see also Estate of Smith v. Marasco, 318 F.3d 497, 513 (3d Cir. 2003) (concluding that First Amendment retaliation claim fails at summary judgment because there was no evidence suggesting an intent to retaliate caused or contributed to the adverse action). Accordingly, we will affirm the District Court's grant of summary judgment to Wirfel.