NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3246
_____

TYRONE GLENN,
                              Appellant

v.

THERESA DELBALSO; JAMES PORZUCEK;
CHRISTINE MCMILLAN; DORINA L. VARNER,
all sued in their official and individual capacities
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-13-cv-02730)
District Judge:  Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 10, 2015

Before: CHAGARES, JORDAN and GREENBERG, Circuit Judges

(Opinion filed: April 15, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Tyrone Glenn, a Pennsylvania inmate proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his 42 U.S.C. § 1983 complaint. For the reasons set forth below, we will affirm in part and vacate in part the District Court's order and remand for further proceedings.

I.

Glenn's complaint raises two categories of constitutional claims against various officials at the State Correctional Institute at Retreat. First, he claims the defendants violated his Fourteenth Amendment due process rights by failing to follow grievance procedures. Second, he claims defendant Theresa DelBalso violated his First Amendment rights by retaliating against him for filing grievances about food portions. Specifically, Glenn claims DelBalso placed him on the maximum grievance restriction— 90 days—to punish him for filing grievances, not because the grievances he filed were frivolous, which would be appropriate under the grievance policy. Glenn notes that in her response to his grievance appeal, DelBalso stated that she was upholding the frivolous designations and grievance restriction because he was the only inmate complaining about food portions. He also alleges that her failure to enforce certain language in the grievance policy exhibits retaliatory animus. The District Court examined Glenn's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed it sua sponte for failure to state a claim. Glenn filed a timely notice of appeal.

"[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Although the District Court cited this general rule, it dismissed Glenn's complaint without leave to amend and without determining whether amendment would be futile or inequitable. Because we cannot say that amendment would be futile as to Glenn's retaliation claim, we will vacate that portion of the District Court's order and remand.

To state a First Amendment retaliation claim, a plaintiff must allege that he engaged in protected conduct, he suffered an adverse action, and a causal link existed between the protected conduct and adverse action. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). As iterated in his complaint, Glenn's retaliation claim was vague and, as the District Court concluded, too speculative to survive dismissal. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding that "[f]actual allegations must be enough to raise a right to relief above the speculative level" to avoid dismissal). That said, the claim was not per se invalid or based on a flawed legal theory, and Glenn has somewhat clarified his claim in his appellate brief. Construed liberally, Glenn seems to argue that DelBalso placed him on the maximum grievance restriction because he filed grievances, not because the grievances he filed were frivolous. See United States v.

3

Miller, 197 F.3d 644, 648 (3d Cir. 1999) (noting the "time-honored practice of construing pro se plaintiffs' pleadings liberally"). In other words, Glenn claims he was singled-out and punished for engaging in protected activity, which suggests he might be able to state a retaliation claim. Cf. Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). If Glenn can further support this claim to make it plausible, such as by providing further allegations that suggest DelBalso was acting in a retaliatory manner, rather than appropriately sanctioning him for filing frivolous grievances, his retaliation claim may survive dismissal. As such, amendment may not be futile, and the District Court erred by dismissing Glenn's retaliation claim without granting him leave to amend. See Fletcher-Harlee Corp., 482 F.3d at 251.

We agree, however, with the District Court's dismissal of Glenn's due process claim without leave to amend. Access to prison grievance procedures is not a constitutionally-mandated right, and allegations of improprieties in the handling of grievances do not state a cognizable claim under § 1983. See Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (collecting cases and stating that "[t]he courts of appeals that have confronted the issue are in agreement that the existence of a prison grievance procedure confers no liberty interest on a prisoner."); Hoover v. Watson, 886 F. Supp. 410, 418 (D. Del.) aff'd, 74 F.3d 1226 (3d Cir. 1995) (holding that if a state elects to provide a grievance mechanism, violations of its procedures do not give rise to a § 1983 claim). Because this claim was legally flawed, amendment would have been futile and,

4

as such, dismissal with prejudice was proper and we will affirm that portion of the District Court's order.

## III.

For the foregoing reasons, we will affirm in part, vacate in part, and remand the case to the District Court for proceedings consistent with this opinion.