**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1009
_____

HARVEY MIGUEL ROBINSON, JR.,
                                                          Appellant
v.

LOUIS S. FOLINO;
PETER VIDONISH, Sued In Their Individual Capacities
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-14-cv-00227)
District Judge:  Maureen P. Kelly
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 19, 2016
Before:  CHAGARES, KRAUSE and GREENBERG, Circuit Judges

(Opinion filed: January 28, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Harvey Miguel Robinson, Junior, appeals from an order granting Defendants' motion to dismiss his complaint for failure to state a First Amendment claim for retaliation. We will vacate and remand.[1]

Robinson, a prisoner in the capital case unit at SCI-Greene, filed a complaint in Pennsylvania state court alleging that Defendant Vidonish, a prison guard, warned him not to file any lawsuits or prison grievances against SCI-Greene employees; if he did so, Robinson alleged, Vidonish would "find a way to write a misconduct" and have Robinson sent to the Restricted Housing Unit ("RHU").

Robinson's complaint further alleged that, unbeknownst to him, he was scheduled for a review before the Program Review Committee ("PRC"). Robinson did not learn of the review until several days after it was conducted when he received a form, signed by Vidonish, indicating that Robinson "declined" to participate in his own review. Because he never "declined" his review, Robinson filed a prison grievance, which stated that he was in the law library during the review, that no prison official had informed him that it was ongoing, and that he never "declined" to participate in the review, as indicated on the form. Vidonish was assigned to investigate the grievance and he found that on the day of Robinson's review, Robinson was at an offsite hospital, not in the law library. Vidonish thus denied the grievance. He also issued Robinson a misconduct citation for "lying to an employee" based on Robinson's misstatement, i.e., that Robinson was in the prison law

---

[1] We write solely for the parties and therefore recite only those facts that are necessary to our disposition.

library during the PRC review.  As a result of the misconduct citation, Robinson spent thirty days in the RHU.  Robinson alleged that after he returned to the capital case unit, Vidonish bragged to him and other prisoners that he cited Robinson for misconduct because Robinson filed the prison grievance.

Defendants removed the case to federal court and filed a motion to dismiss.[2]  They argued that because Robinson admitted in his complaint that he was not in the law library during the PRC review, he could not show that Vidonish cited him for "lying to an employee" as retaliation for filing the grievance.  The Magistrate Judge agreed, holding that even if Robinson had stated a retaliation claim, the burden shifted to Defendants to show that Vidonish would have cited Robinson for lying "absent the protected conduct for reasons reasonably related to a legitimate penological interest."  Rauser v. Horn, 241 F.3d 330, 334 (3d Cir. 2001).  The Magistrate Judge found that because Robinson admitted that he was not in the law library during the PRC review, Defendants met "their burden of showing that the misconduct charge would have been filed against [Robinson] even if he had not filed the grievance."  For that reason, the Magistrate Judge also dismissed Robinson's claims that Defendant Folino, the prison Superintendent, was liable under state law for Vidonish's misconduct under the doctrines of respondent superior and vicarious liability.  Robinson timely appealed.

---

[2] Both parties agreed to proceed before a Magistrate Judge.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim. See Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials, and (3) "a causal link between the exercise of his constitutional rights and the adverse actions taken against him." See Rauser, 241 F.3d at 333.

Robinson's complaint alleged facts sufficient to state a retaliation claim. Defendants concede that Robinson's right to file a prison grievance is protected by the First Amendment. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). They also concede that issuing Robinson a misconduct citation, for which he was sentenced to disciplinary custody in the RHU, was an adverse action sufficient to deter a reasonable person from exercising his constitutional rights. See id. Moreover, Robinson alleged that Vidonish cited him with misconduct to retaliate against him for filing a prison grievance. Robinson claimed that Vidonish warned him, in front of other prisoners, not to file any grievances or lawsuits upon threat that Vidonish would "find a way to write a misconduct on you" and have Robinson sent to the RHU. Robinson further alleged that Vidonish

4

made good on that threat, and then bragged to Robinson and other prisoners that he had Robinson sent to the RHU for filing the grievance.

The Magistrate Judge held that even assuming Robinson's complaint stated a retaliation claim, the burden then shifted to Defendants to show that Vidonish would have cited Robinson for "lying to an employee" even if Robinson had not filed a prison grievance. On summary judgment, once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, "the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser, 241 F.3d 334. The state contends that because there is some evidence to support the charge that Robinson lied to an employee, he cannot show that Vidonish retaliated against him. Robinson maintains that he was not lying; he thought he was in the law library during his PRC meeting when, in fact, he was at an off-site hospital. A lie is an "untruthful communication intended to deceive." Black's Law Dictionary 1062 (10th ed. 2014) (emphasis added). While Robinson's claim that he was in the law library was not true, there is no evidence—including in the administrative record compiled in the prison—that Robinson intended to deceive anyone with that statement, which was immaterial to his claim that he did not "decline" his PRC review. Indeed, the fact that Robinson was at an offsite hospital, and not in the prison law library, only strengthens his

5

claim in his grievance that he did not "decline" his PRC review but rather was unable to attend.

Moreover, the Magistrate Judge dismissed this case at the pleading stage, not on summary judgment.[3] "It makes little sense to apply [the burden-shifting framework] at the pleading stage." Thomas v. Eby, 481 F.3d 434, 442 (6th Cir. 2007). A complaint should not be dismissed unless the facts of the complaint, taken as true, do not show that the plaintiff is entitled to relief. See Fowler v. UPMC Shadyshide, 578 F.3d 203, 211 (3d Cir. 2009). Robinson's concession that his grievance contained a misstatement does not amount to a concession that would preclude relief—i.e., that he was guilty of "lying to a prison employee," which formed the basis of his misconduct citation. Furthermore, as discussed above, Robinson does set out a violation of his First Amendment rights. It is possible that, after discovery, Robinson could offer evidence that Vidonish was retaliating against him for filing a grievance. For example, Robinson could establish that Vidonish never cited another inmate for "lying" based on a misstatement, especially like the one at issue here. Robinson might also offer evidence to support his allegations that Vidonish admitted that he issued the misconduct purely to retaliate against Robinson. And Vidonish may be unable to meet his burden to show "that he would have taken the same action in the absence of the protected activity." Rauser, 241 F.3d 334. But these questions cannot be answered at the pleading stage. See Eby, 481 F.3d at 442. Because

---

[3] The Magistrate Judge made clear that it was not converting Defendants' motion into one for summary judgment.

6

Robinson's complaint stated a claim for retaliation, we conclude that the Magistrate Judge erred in granting Defendants' motion to dismiss.

For these reasons, we will vacate the Magistrate Judges's judgment and remand for further proceedings consistent with this opinion.[4]

---

[4] The Magistrate Judge has not squarely addressed Robinson's state law claims against Defendant Folino. We believe that the District Court should do so in the first instance.