DLD-132                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3377
_____

MAURICE HARPER,
                    Appellant

v.

B. TRITT, Superintendant; DEPUTY SUPERNTD. MEINTEL;
CHCA STANISHEFSKI; RALPH JOHNSON; KAREN HOLLY;
DR. HARESH PANDYA; TONEY, Medical Staff Member; CHAD YORDY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-16-cv-01640)
District Judge:  Honorable William J. Nealon, Junior
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 22, 2018
Before:  JORDAN, SHWARTZ and KRAUSE, Circuit Judges

(Opinion filed March 1, 2018)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Maurice Harper appeals pro se from the District Court's dismissal of his complaint for failure to allege First, Eighth, and Fourteenth Amendment claims. We will summarily affirm because no substantial question is presented by this appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Maurice Harper, an inmate confined at the State Correctional Institution, Frackville ("SCI-Frackville"), filed this pro se civil rights action pursuant to 28 U.S.C. § 1983 in August 2016, and filed an amended complaint in September 2016. Harper alleged that prison staff at SCI-Frackville denied him adequate medical care, prevented access to the Courts, and retaliated against him. All defendants filed motions to dismiss the amended complaint in December 2016, and Harper filed briefs in opposition. On October 19, 2017, the District Court granted the defendants' motions to dismiss and denied leave to amend. Harper appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision to grant a motion to dismiss. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). Dismissal is appropriate if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). When considering a motion to dismiss, we must accept all allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the nonmovant. Foglia v. Renal Ventures Mgmt., LLC, 754 F.3d 153, 154 n.1 (3d Cir. 2014). We review the denial of leave to amend for abuse of

2

discretion.  U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014).

In his amended complaint, Harper alleged that he was provided constitutionally inadequate medical care, related to what he characterizes as chronic back pain. Specifically, Harper alleged that prison medical staff failed to provide him with pain relief medication and a back brace.[1]

To state an Eighth Amendment claim, a plaintiff must allege acts or omissions by prison officials that indicate deliberate indifference to a serious medical need.  Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003).  Generally, deliberate indifference occurs when prison authorities deny reasonable requests for medical treatment, thus exposing the inmate "to undue suffering or the threat of tangible residual injury" or, knowing of the need for medical care, intentionally refuse to provide it. Monmouth Cty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (internal quotations omitted).

We agree with the District Court that Harper's allegations show that he received medical care, and that the medical care "lack[ed] the requisite deliberate indifference to

---

[1] In Harper's original complaint, he alleged that he was denied adequate treatment for his diagnosis of Barrett's disease.  However, Harper did not repeat these allegations in his amended complaint.  In the District Court's order granting Harper permission to file an amended complaint, the Court specifically stated that "Plaintiff is reminded that an amended complaint should 'be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed.'"  Dkt # 8 (citing Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992)).  Therefore, the District Court was correct to rely solely on the allegations asserted in Harper's amended complaint in granting defendants' motions to dismiss.

support a [§] 1983 claim." Dkt # 44, at 12. Harper stated that he was seen by a prison doctor, given a lumbar-sacral x-ray of his spine, diagnosed with a subcutaneous fascia/fat herniation, and provided stretching exercises to relieve the pain and discomfort. Though Harper clearly disagrees with the physician's decisions in treatment, a mere disagreement in treatment is not an actionable constitutional violation. See Lanzaro, 834 F.2d at 346. Even if Harper's allegations could rise to the level of negligence, simple negligence cannot support an Eighth Amendment claim. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Harper further alleged several claims regarding medical co-payments that he was required to pay for his medical services in SCI-Frackville. Harper alleged that these payments violated the U.S. Constitution, constituted retaliation by prison staff, and prevented him from accessing the courts.

We agree with the District Court that Harper failed to establish either an Eighth or a Fourteenth Amendment violation based on the prison's medical co-pay requirement. There is nothing unconstitutional about a prison program that requires an inmate to pay for a small portion of his medical care so long as the provision of needed medical care is not conditioned on an inmate's ability or willingness to pay. See Reynolds v. Wagner, 128 F.3d 166, 174 (3d Cir. 1997). Harper does not allege, and the record does not indicate, that medical services were withheld for failure to pay. In fact, Harper was seen by medical personnel, diagnosed, and provided treatment.

We similarly agree with the District Court that Harper failed to allege a claim of retaliation. He had to show: (1) that he was engaged in a constitutionally protected

4

activity; (2) that he "suffered some 'adverse action' at the hands of the prison officials";
and (3) that the protected activity was "a substantial or motivating factor" in the prison
officials' decision to take the adverse action. Rauser v. Horn, 241 F.3d 330, 333-34 (3d
Cir. 2001). The burden then shifts to the prison officials to prove "that they would have
made the same decision absent the protected conduct for reasons reasonably related to a
legitimate penological interest." Id. at 334. Harper failed to allege any facts that
demonstrate that defendants' actions were retaliatory. The co-payments were imposed
pursuant to the Department of Corrections' co-pay policy. Since Harper was not
diagnosed with a chronic condition, he was not excused from paying the co-pay, per the
Department of Corrections' policy.

Finally, Harper has similarly failed to allege an access to the courts claim. Harper
had to allege that his efforts to pursue a legal claim were hindered and he suffered an
actual injury. Lewis v. Casey, 518 U.S. 343, 351 (1996). Though the District Court did
not squarely address this claim, we conclude that Harper has failed to state a claim for
relief as he has not alleged any "actual injury." See id. at 351–54.[2]

Because Harper's appeal lacks arguable merit we deny his motion for appointment
of counsel, see Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993), and will affirm the
judgment of the District Court.

---

[2] We have considered Harper's remaining arguments and conclude that they are
meritless.

5