**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1669
_____

NELSON RYDER,
                    Appellant

v.

DAVID A. VARANO, CS; RHONDA ELLET, CDSCS;
JANET BARTHOLOMEW, CEVC; MICHAEL CORBACIO, CAM II;
ANTOINETTE M. SHEDLESKI, CFSS; ROBERT KELLY, CFSS;
GARY ANASCAVAGE, CFSS; JOSEPH REDD, CFSS;
D.A. BENNER, CFSS;  FRANK SCHENEWERK, CFSI;
ROBERT ANASCAVAGE, CFSI; VERONICA LEISENRING, CFSI;
ROBERT DAVIS, CFSI; WILLIAM ZALINSKI; EDWARD KLOCK
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-12-cv-00614)
District Judge: Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 4, 2016
Before:  JORDAN, BARRY and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Filed: February 11, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Nelson Ryder, a Pennsylvania prisoner proceeding pro se, appeals the District Court's order granting summary judgment. We will affirm.

In 2013, Ryder filed an amended complaint in the Middle District of Pennsylvania alleging mistreatment by fifteen defendants at the State Correctional Institute, Coal Township. The complaint contained nineteen counts and stemmed from alleged improper discipline and retaliation, regarding, primarily, Ryder's job in the prison kitchen. Specifically, Ryder alleged, inter alia, that his rights were violated when he was assigned to a lower-paying job, with shorter hours, for a period of 133 days. He also alleged that a prison employee disclosed information from one of Ryder's grievances to other inmates, placing Ryder in fear of injury for being identified as an informant.[1] The legal theories for Ryder's 42 U.S.C. § 1983 complaint relied on violations of due process, unlawful retaliation, failure to protect, and civil conspiracy. Prior to summary judgment, the District Court dismissed eight counts and two defendants because Ryder had failed to exhaust administrative remedies. The District Court also dismissed Count 19 without prejudice, allowing Ryder to file it as a separate cause of action.

Subsequently, the Defendants moved for summary judgment on Ryder's remaining counts, and the Magistrate Judge recommended the motion be granted because Ryder had not properly exhausted three of the other claims. The Magistrate Judge further

---

[1] Some of Ryder's other claims included: that he was not paid for one eight-hour shift and was not afforded an opportunity to challenge the decision; that he was falsely accused of stealing scraps of roast beef because he complained about a prison employee; that he did not receive copies of reports that he alleges resulted in discipline.

recommended granting summary judgment on Ryder's seven other counts because they lacked merit. Ryder filed objections to the Report and Recommendation; the District Court overruled those objections and adopted the Report and Recommendation. Ryder appealed. [2]

We have appellate jurisdiction under 28 U.S.C. § 1291. See Long v. Atl. City Police Dep't., 670 F.3d 436, 443 (3d Cir. 2012). We exercise plenary review over an order granting summary judgment. DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Kaucher v. Cnty. of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006).

We agree with the District Court's resolution of Ryder's amended complaint for substantially the same reasons outlined in the Magistrate Judge's Report and Recommendation. In particular, Ryder has not given us any reason to question the District Court's conclusion that he has failed to exhaust administrative remedies with respect to Counts 1, 12, and 13 of his amended complaint.[3]

We next consider Ryder's claims of retaliation. He alleged that he was reassigned to a lower paying prison job because he complained about a prison employee. Ryder also

---

[2] Ryder's notice of appeal states he is appealing the District Court's summary judgment order. To the extent Ryder's appellate briefs raise additional rulings, including his right to file a second amended complaint, we have reviewed the record below and see no error.

alleged that a prison employee falsely accused Ryder of stealing three chocolate chip cookies in retaliation for Ryder's filing of a lawsuit in state court.

A prisoner litigating a retaliation claim must show that the conduct provoking the alleged retaliation was constitutionally protected, that he suffered some "adverse action" at the hands of the prison officials "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights," and that the constitutionally protected conduct was a substantial motivating factor in the defendant's conduct. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (alteration in original) (internal quotation marks omitted). Ryder has not made such a showing. With regard to the job reassignment, Ryder cannot show any protected conduct was the cause of the reassignment. That reassignment took place some two months after he complained about the employee, and Ryder was one of about 42 inmates who received a new work assignment at that time. Regarding the three cookies, Ryder admitted to taking them and agreed to have $1.50 docked from his prison account. In light of these facts, Ryder has not shown that the District Court erred in granting summary judgment.

Ryder's remaining claims, including those involving conspiracy and official misconduct do not warrant separate discussion, and we affirm for the reasons stated in the Magistrate Judge's Report and Recommendation and adopted by the District Court.

For the reasons given, we will affirm the judgment of the District Court.

---

[3] These counts relate to Ryder's claim that he was identified as an informant, as well as his claims that he did not receive eight hours of pay and an unrelated due process matter.