**DLD-118**                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2121
_____

RONALD BANKS,
                                   Appellant

v.

GERALD L. ROZUM, Superintendent; DANIEL GEHLMANN, Deputy Supt. for
Facilities Mgmt.; BARRY GRUBB, Major; MELLISA HAINESWORTH, Major of Unit
Mgmt.; LT. STEVE SIMOSKO, Captain; ROBERT SNYDER, Captain; ROBERT
BAKOS, Lieutenant; EDWARD MULLIGAN, Unit Manager; KATHY BELL, Unit
Manager; RANDY J. PRITTS, Correctional Officer; RANDY BARKMAN, Sergeant;
ED CWIK, Employment Coordinator;  R.D. HARKCOM, Correctional Officer; W.F.
KALASKY, Correctional Officer; MICHAEL COLLEMACINE, Captain; JOSEPH
DUPONT, Hearing Examiner
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-14-cv-00027)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary
Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 22, 2016

Before: CHAGARES, GREENAWAY, JR., and SLOVITER, Circuit Judges

(Opinion filed: February 17, 2016)

_____

OPINION[*]

_____

PER CURIAM

Ronald Banks, proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his complaint for the failure to state a claim. Because the appeal presents no substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

As we write primarily for the parties, who are familiar with this case, the following summary suffices. Banks' prolix and repetitive complaint contains 397 paragraphs and 139 exhibits, which Banks incorporated into the complaint. The complaint alleged that the defendant employees at SCI-Somerset, where Banks was previously confined, committed multiple violations of his constitutional rights.

In brief: first, Banks alleged that searches of his cell deprived him of his property (a confiscated radio) without due process, denied him access to the courts (through the disruption and confiscation of legal papers), and amounted to unlawful retaliation for constitutionally protected litigation activity. Second, Banks alleged that two pat-down searches were sexual assaults that amounted to cruel and unusual punishment. Third,

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Banks complained of two job-related matters: the alleged exposure to bodily fluids while cleaning showers, and the loss of his job when he was transferred to a different cell block. Fourth, Banks alleged that he was denied basic personal hygiene items, which amounted to a deprivation of life's minimal necessities. On top of these factual predicates, Banks alleged that the defendants were together engaged in a conspiracy to commit these constitutional violations. Finally, Banks alleged that various defendants were liable as supervisors for failing to prevent these acts.

The defendants moved to dismiss the complaint for the failure to state a claim upon which relief could be granted. Banks filed a 28-page response brief with eight exhibits. The Magistrate Judge then filed a Report and Recommendation that recommended dismissing Banks' complaint with prejudice. Banks filed 87 pages of objections. The District Court adopted the Report and Recommendation together with its own supplemental memorandum opinion as the opinion of the court, and dismissed Banks' complaint with prejudice after concluding that further amendment would be futile. This appeal followed.

## II.

Our review of the District Court's dismissal order is plenary. Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011). On issues for which a party failed to file timely objections to the Magistrate Judge's report and which the District Court did not subject to de novo review, we instead review the District Court's decision for plain error. Brightwell v. Lehman, 637 F.3d 187, 193 (3d Cir. 2011). Under that standard, we reverse

3

only if there is an error that affects a party's substantial rights in a way that impacts the fairness, integrity, or public reputation of judicial proceedings. Nara v. Frank, 488 F.3d 187, 197 (3d Cir. 2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting and citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 570 (2007)). "Determining whether a complaint states a plausible claim to relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

We may summarily affirm a District Court's order if the appeal presents no substantial question, see 3d Cir. L.A.R. 27.4; I.O.P. 10.6, and we may rely on any ground that the record supports, see Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

III.

A pro se plaintiff's pleadings are liberally construed. See Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). But even under that relaxed standard, there is no substantial question that Banks' complaint failed to state a claim largely for the reasons explained by the District Court and the Magistrate Judge. See Fantone v. Latini, 780 F.3d 184, 193 (3d Cir. 2015) (holding that a pro se complaint must still meet Twombly and Iqbal's plausibility standard).

4

A.

Banks failed to state any constitutional claim concerning the searches of his cell and any property that was allegedly confiscated or damaged in those searches. The facts that Banks pleaded, including the facts in the grievance forms that he attached as exhibits to his complaint, state that adequate state post-deprivation remedies were available to him. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Tillman v. Lebanon Cty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000). Relatedly, no due process violation arose from the misconduct charge that Banks received after prison officials said he had tampered with his radio, even though Banks alleges that the charge was based on false information. See Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002) ("[S]o long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim.").

That said, under some circumstances a false misconduct report can violate an inmate's First Amendment rights where it is in retaliation for an inmate's resort to legal process. Id. at 653. Such circumstances were not pleaded in Banks' complaint. To allege retaliation, the inmate must plead "(1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (internal quotation and citation omitted). Here, the alleged actions that Banks pleaded he endured were not sufficiently adverse to state a claim. See

5

Brightwell, 637 F.3d at 194.[1]

Furthermore, those searches of Banks' cell, and the alleged disruption and partial confiscation of Banks' legal materials that resulted therefrom, fare no better as support for a potential First Amendment access-to-the-courts claim. Banks' complaint fails to plead sufficient facts to allege the "actual injury" element of such a claim. See Peterkin v. Jeffes, 855 F.2d 1021, 1040 (3d Cir. 1988).

B.

Turning to the two pat-down searches, we also conclude that Banks' allegations fail to state a constitutional claim. "A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment." Crawford v. Cuomo, 796 F.3d 252, 257 (2d Cir. 2015). "[A] single incident of sexual abuse, if sufficiently severe or serious, may violate an inmate's Eighth Amendment rights no less than repetitive abusive conduct." Id. Here, the scope of the searches that Banks describes in his complaint, and as further referenced in the grievance materials that Banks' included, did not go beyond the scope needed to support the legitimate penological purpose of prison security or constitute a sexual

---

[1] Also, Banks' pleadings effectively allege that the prison officials would have eventually searched Banks' cell and confiscated Banks' radio—regardless of any retaliatory motive—because the grievance materials that Banks incorporated into his complaint state a factual basis for the radio-tampering charge. See Carter v. McGrady, 292 F.3d 152, 159 (3d Cir. 2002).

6

assault.  Cf. id. at 258-59 (reversing dismissal for failure to state a claim when the manner, timing, and stated reason for a search all indicated it was pretext for a desire for sexual gratification or for humiliation of the prisoner).  Nor did the facts that Banks alleged bring the searches outside the scope of reasonable search practices that would rise to the level of a Fourth Amendment violation.   See Florence v. Bd. of Chosen Freeholders, 566 U.S. ____, ____, 132 S. Ct. 1510, 1517 (2012); Terry v. Ohio, 392 U.S. 1, 17 n.13 (1968) (describing a routine pat-down as involving "the groin and area about the testicles"); cf. also Bradley v. United States, 299 F.3d 197, 201 (3d Cir. 2002).  We thus agree with the District Court's conclusion that the pat-down searches Banks received, at least as alleged in Banks' complaint, did not state a claim for a violation of his constitutional rights.

C.

The job-related incidents that Banks described in his complaint also do not plausibly allege any constitutional violation.  Banks did not object to the Magistrate Judge's recommendation to dismiss the claims based on those incidents, so we review the dismissal of those claims for plain error only.  See Brightwell, 637 F.3d at 193.

First, the limited exposure to bodily fluids as described in Banks' complaint and attached exhibits, allegedly as a result of inadequate safety equipment while cleaning, is insufficient to state a claim for an Eighth Amendment conditions-of-confinement violation.  The Eighth Amendment is violated only where, viewing the totality of the conditions in the prison, the inmate's conditions of confinement, alone or in combination,

7

deprive him of the minimal civilized measure of life's necessities. Tillery v. Owens, 907 F.2d 418, 426-27 (3d Cir. 1990). Here, Banks alleges only generally that he was exposed to bodily fluids while engaged in his cleaning job, not that his skin ever came in direct contact with such fluids or that he suffered any injury or disease exposure. No constitutional violation is stated based on these allegations. See Farmer v. Brennan, 511 U.S. 825, 847 (1994) ("[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.").

Banks also alleged that, after complaining about these allegedly unsanitary working conditions, he was transferred to a new cell block and denied new employment. The allegations in the complaint and its exhibits say that Banks was placed on a waiting list for a new job when one would become available. Such allegations cannot state any due process claim. See James v. Quinlan, 866 F.2d 627, 630 (3d Cir. 1989) (holding that prisoners do not have a protected liberty or property interest in prison employment). Nor can they state an alleged retaliation claim, since the merely incidental loss of a job upon transfer when jobs are not available is not a circumstance where an inmate's protected activity caused an adverse action. And even if the loss of the job after transfer could be seen as an adverse action under these circumstances, the allegations in the complaint and incorporated grievance documents here indicate that the same outcome would have occurred regardless of any retaliatory motive. See Rauser v. Horn, 241 F.3d 330, 334 (3d

8

Cir. 2001).

The District Court's dismissal of claims based on these job-related incidents was therefore not an error that affected Banks' substantial rights in a way that impacted the fairness, integrity or public reputation of judicial proceedings. See Nara, 488 F.3d at 197.

D.

Banks also failed to state a claim for any constitutional violation based on the alleged denial of access to personal hygiene products. Once again, because Banks did not object to the Magistrate Judge's report on this issue, we review for plain error only. See id. at 196. In light of the minimal nature of the harm alleged here (the potential denial of access to a razor somewhere between a few days and 36 days), the District Court also did not commit plain error when it dismissed claims based on these facts. C.f., e.g., Penrod v. Zavaras, 94 F.3d 1399, 1406 (10th Cir. 1996) (holding that a refusal to provide toothpaste for over two months, leading to bleeding gums and tooth decay, stated an Eighth Amendment claim).

E.

Banks' allegations of conspiracy require dismissal because they are no more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 557 ("[A] conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality."). Moreover, a civil conspiracy claim requires a valid underlying tort claim. Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 313 (3d Cir.

9

2003). Banks failed to state a claim on any of the constitutional torts he alleged, as noted above, and therefore cannot support a conspiracy claim based on those alleged actions.

## F.

Banks' claims alleging supervisory liability suffer from a similar deficiency. Supervisory liability may be imposed only where there is: (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate. Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 (3d Cir. 1997). Here, Banks' allegations of the various supervisory defendants' participation or actual knowledge and acquiescence have not been made with sufficient particularity to state a claim. See Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988).

## G.

Finally, the District Court was within its discretion to dismiss the complaint with prejudice on the ground that granting leave to amend would have been futile. See Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000).

## IV.

For the reasons discussed above, Banks' complaint pleaded no viable claim. As a result, this appeal presents us with no substantial question. We will therefore affirm the District Court's order dismissing Banks' complaint with prejudice.