NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-1784
_____

JESSICA ROSEBERRY,
Appellant

v.

CITY OF PHILADELPHIA, d/b/a Philadelphia Police Department;
LIEUTENANT JAMES SMITH, Individually and in his official
capacity as Lieutenant in the Philadelphia Police Department;
SERGEANT COLLEEN COOK, Individually and in her official
capacity as Sergeant in the Philadelphia Police Department;
SERGEANT RON WASHINGTON, Individually and in his official
capacity as Sergeant in the Philadelphia Police Department;
SERGEANT TYRELL MCCOY, Individually and in his official
capacity as Sergeant in the Philadelphia Police Department;
CORPORAL HENRY JACKSON, Individually and in his official
capacity as Corporal in the Philadelphia Police Department;
LIEUTENANT TANYA COVINGTON, Individually and in his official
capacity as Lieutenant in the Philadelphia Police Department;
LIEUTENANT JOSEPH MCBRIDE, Individually and in his official
capacity as Lieutenant in the Philadelphia Police Department;
CORPORAL SHARON BRAMBRICK, Individually and in his official
capacity as Corporal in the Philadelphia Police Department;
SERGEANT KIRT MILLER, Individually and in his official
capacity as Sergeant in the Philadelphia Police Department;
CAPTAIN DAVID BELLAMY, Individually and in his official
capacity as Captain in the Philadelphia Police Department;
JOHN DOES 1-10;
SERGEANT AARON GREEN, Individually and in his official capacity as
Sergeant in the Philadelphia Police Department

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court Civil No. 2-14-cv-02814)
District Judge:  Honorable John R. Padova

Submitted Under Third Circuit LAR 34.1(a)
July 14, 2017

Before: SMITH, *Chief Judge,* NYGAARD, and FUENTES, *Circuit Judges*

(Filed:  November 24, 2017)

OPINION[*]

NYGAARD, *Circuit Judge.*

We will affirm the District Court's award of summary judgment to the Appellees

because the Appellant, Jessica Roseberry, has not presented any evidence that establishes

the necessary causal link between the conduct she claims was constitutionally protected

and the retaliatory actions she alleges were taken against her.  *See Thomas v. Indep. Twp.*,

463 F.3d 285, 296 (3d Cir. 2006) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir.

2003)).

I.

The District Court's opinion thoroughly relates the summary judgment record,

viewed in a light most favorable to Roseberry.  *See Roseberry v. City of Philadelphia et*

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.  Given the parties' fluency with this case, we will eliminate citations to the record.

*al.*, 2016 WL 826825 (E.D. Pa. Mar. 3, 2016).  This obviates the need to restate the intricacies of that record herein.  *See, id.*  It is sufficient to note that Roseberry, an 18-year veteran of the Philadelphia Police Department, filed complaints against her fellow officers with the Department's Internal Affairs Division (IAD), alleging harassment and corruption.

Her claims against her fellow officers were investigated by the Department's Internal Affairs Division.  But, Roseberry provided no evidence of harassment or corruption other than her "gut feeling" that the treatment she received from her fellow officers had not happened to anyone else.  IAD took no action as a result of her complaint.  Roseberry brought suit pursuant to 42 U.S.C. § 1983 against the City of Philadelphia and several members of its police department alleging a First Amendment retaliation claim.  That case was dismissed, with prejudice, pursuant to a local rule.  *See* Rule 41.1(b) of Local Rules of Civil Procedure of the Eastern District of Pennsylvania.

Roseberry filed this action in the Philadelphia Court of Common Pleas and the cause was removed to federal court by the Appellees.  She alleged First Amendment retaliation claims as a result of her complaints to IAD.  The District Court ruled that those claims failed because the actions she pointed to as retaliation were, in actuality, minor, isolated actions, and as such, could not form the foundation of her claim.  Further, the District Court ruled that her claims failed because she did not introduce any evidence of causation, specifically noting that Roseberry produced no evidence of temporal proximity inasmuch as she could not remember when the actions she complained of occurred.  The District Court also noted that Roseberry had conceded she lacked evidence other than her

3

personal observation of an intention among her fellow officers to retaliate against her. The District Court's take on the summary judgment record was correct.

## II.

The elements of a retaliation claim under § 1983 are: (1) engaging in a constitutionally protected activity, (2) suffering, at the hands of a state actor, an adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights," and (3) having the protected activity be a substantial motivating factor in the state actor's decision to take the adverse action. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). The third element, causation, means either: "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007); *see Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 503–04 (3d Cir. 1997). In the absence of that proof, a plaintiff must show that from the "evidence gleaned from the record as a whole" the trier of fact should infer causation. *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 281 (3d Cir. 2000).

Determinatively, we agree with the District Court that Roseberry failed to establish the necessary causation for her claims to succeed. For example, she complains that Captain Bellamy denied her a commendation sometime after Thanksgiving, 2011. However, this event took place more than a year after Roseberry's complaint about the break-in to her home (September, 2010) and before her filing of the lawsuit (July, 2012). Sergeant McCoy's actions took place a year after that same lawsuit. This passage of time

4

is too great to conclude that these actions were undertaken in retaliation for Roseberry's decision to file a lawsuit.[1] In sum, nothing is unusually suggestive on this record to establish a causal link.

If temporal proximity is not unusually suggestive, then "timing plus other evidence" can suggest a pattern of antagonism sufficient to establish causation. *Farrell,* at 280-81. Such evidence is "not limited to evidence of timing or demonstrative proof" of animus or retaliatory motive, but instead includes evidence "gleaned from the record as a whole" that may support an inference of causation. *Id*. at 281. Here, the record reveals nothing more than isolated events, occurring over a three-year period. Indeed, Roseberry herself cannot recall the dates of most of these events. Simply put, there is no pattern of antagonism on this record that would allow Roseberry to establish the causation necessary for a retaliation claim.

III.

In light of the foregoing, we will affirm the order of the District Court.

---

[1] The timing of the actions of the other Appellants cannot even be considered because the record reveals they knew nothing about Roseberry's filings, and therefore, could not be retaliating.