**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2700
_____

CHARLES TALBERT,
                    Appellant

v.

CORRECTIONAL DENTAL ASSOCIATES; DIANE LEE; DR. SCOTT; DR. A.
SABATO; DR. ZARKOSKI; DR. BARKSDALE; *CITY OF PHILADELPHIA

* Dismissed pursuant to Fed. R. App. P. 42(b)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-16-cv-01408)
District Judge: Honorable Mark A. Kearney
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 23, 2018
Before:  VANASKIE, COWEN and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 24, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Charles Talbert appeals the District Court's order granting summary judgment to the defendants. For the reasons detailed below, we will vacate in part and remand for further proceedings.

I.

In March 2016, Talbert filed a civil rights action brought under 42 U.S.C. § 1983 against Correctional Dental Associates and several of its employees, based on the dental treatment that was provided to him while he was incarcerated, on and off from June 2015 to February 2017, at Philadelphia Industrial Correctional Center.[1] Talbert asserted, inter alia, a deliberate indifference claim and a retaliation claim.[2] Specifically, Talbert, on numerous occasions, and citing his extreme fear of needles in his mouth, requested off-site oral surgery under general anesthesia in order to extract a tooth. Defendants denied the requests, but offered to extract the tooth with a local anesthetic (which would, of course, require placing a needle in Talbert's mouth). Talbert refused that line of treatment, and continued to request a referral for oral surgery under general anesthesia. According to him, defendants had previously allowed him to have off-site oral surgery

---

[1] Early in the litigation, the District Court dismissed the City from the case. On appeal, the City was dismissed pursuant to Talbert's Fed. R. App. P. 42(b) motion, as part of a settlement agreement reached by Talbert and the City in a different case.

[2] Talbert also alleged negligence, as well as violations of due process and equal protection. In his briefs, Talbert does not challenge the District Court's dismissal of these claims, and we do not consider them. See United States v. Menendez, 831 F.3d 155, 175 (3d Cir. 2016).

under general anesthesia.[3] Talbert viewed this denial as a form of retaliation for bringing a previous lawsuit against the defendants relating to past dental care. That lawsuit, which was filed in 2015, resulted in a settlement agreement ("General Release" or "Release").

Talbert and the defendants filed motions for summary judgment. The defendants argued that Talbert had not stated a claim for deliberate indifference, and that the signed General Release barred his claims against them.[4] The District Court granted defendants' motion for summary judgment, concluding that defendants' denial of a referral for off-site oral surgery under general anesthesia for Talbert's tooth removal could not amount to deliberate indifference and that, in any event, Talbert released his claims against the defendants when he signed the Release. Talbert timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. See Gen. Ceramics Inc. v. Firemen's Fund Ins. Cos., 66 F.3d 647, 651 (3d Cir. 1995). We review de novo the District Court's summary judgment order. See State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009). Summary judgment is proper only if the

---

[3] Defendants argued in their response to Talbert's motion for summary judgment that the May 2015 off-site referral that he attached as an exhibit "does not prove Defendants made the referral or that the referral was made because of Plaintiff's 'fear of needles.'" R. at 98. The defendants have neither explicitly conceded nor denied that they gave Talbert the referral.

[4] We note that defendants have not argued that they were not state actors. See West v. Atkins, 487 U.S. 42, 48-49 (1988) (conduct complained of must be committed by person acting under color of state law).

3

record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### III. General Release

We begin with the Release because if the District Court was correct that Talbert had released his claims against the defendants, his complaint was properly dismissed.[5] The Release was signed by both parties to settle a previous lawsuit (E.D. Pa. No. 2:15-cv-03230), which stemmed from Talbert's allegations that defendants (Correctional Dental Associates) were deliberately indifferent to his need for dental care. Specifically, Talbert claimed that he requested off-site oral surgery under general anesthesia, due to his fear of needles, after one of his teeth became infected. Talbert alleged that defendants delayed for over a year to give him that referral, by which time two of his wisdom teeth had also become infected. Ultimately, according to Talbert, the defendants allowed him to go off-site for general anesthesia oral surgery in May 2015, for the extraction of his three

---

[5] Defendants argue that Talbert has waived this issue since he did not take a position regarding the Release in his opening brief. Under the circumstances, including Talbert's status as a pro se litigant, we decline to deem the issue waived. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013). It is evident that Talbert did not recognize the importance of pursuing this issue in his opening brief, as he focused his briefing on the merits of his claim – something that would be unnecessary if he did not dispute the applicability of the General Release. (The District Court, we note, quickly addressed this issue at the end if its memorandum.) Finally, we note that the Appellees have not been prejudiced, as they were able to fully brief the question of the General Release's meaning as well as the underlying merits.

infected teeth.[6]  Several months later, Talbert began experiencing pain in another tooth

(#14), which is the basis of this case.  R. at 170-172.

We construe releases according to principles of state contract law, insofar as state

law is consistent with federal objectives.  Three Rivers Motors Co. v. Ford Motor Co.,

522 F.2d 885, 892 (3d Cir. 1975).  Under Pennsylvania law, the guiding concern when

construing the scope of a release is to honor the parties' intent.  Id.; A.G. Cullen Constr.,

Inc. v. State Sys. of Higher Educ., 898 A.2d 1145, 1167 (Pa. Commw. Ct. 2006).  We do

this by looking at the language of the release and the circumstances surrounding its

execution.  A.G. Cullen, 898 A.2d at 1167.  In Three Rivers Motors, we noted

Pennsylvania's "rule of construction" that releases should be construed narrowly, i.e.,

that "words of a release should not be construed to extend beyond the express

consideration mentioned so as to make a release for the parties which they never intended

or contemplated."  Three Rivers Motors Co., 522 F.2d at 895-96 (quoting In re Brill's

Estate, 12 A.2d 50, 52 (Pa. 1940)).

The issue at hand is whether some of the broad language in the Release covers

Talbert's claims in this case.[7]  We conclude that it does not.  According to the District

---

[6] Based on Talbert's medical records, it appears that teeth #1 (wisdom tooth), #5, and #32 (wisdom tooth) were the teeth extracted off-site and under general anesthesia.  R. at 31.

[7] In ¶ 1 of the Release, it states that "Charles Talbert, for and in consideration of the sum of FIVE HUNDRED DOLLARS ($500.00) does hereby remise and forever discharge Correctional Dental Association…of and from all, and all manner of, actions and causes of actions, suits…claims…judgments, claims and demands whatsoever in law or equity,

Court, the Release covers Talbert's current claims against the defendants because they "existed when he signed the release on November 6, 2015 [since] he alleges that on October 9, 2015, Dr. Scott told him he had not been referred off-site for anesthetic oral surgery which forms the basis for his Eighth Amendment deliberate indifference claim." R. at 9-10. Having read the Release as a whole, however, we do not agree. See Ford Motor Co. v. Buseman, 954 A.2d 580, 584 n.7 (Pa. Super. Ct. 2008). The following is the last phrase from the Release's introductory paragraph:

> [The Release] sets forth the terms upon which the parties have agreed to settle all claims by Charles Talbert relating to any claims arising as a result of any action, care, treatment, or lack thereof *as set forth in the matter of Talbert v. Correctional Dental Associates, et al. docketed with the United States District Court for the Eastern District of Pennsylvania at No. 2:15-cv-03230-LS.*

R. at 202 (emphasis added). Additionally, ¶ 10 of the Release explains that it is a full release of all parties from damages that resulted (or may have resulted) from "those events described in the matter of Talbert v. Correctional Dental Associates, et al. docketed with the United States District Court for the Eastern District of Pennsylvania at No. 2:15-cv-03230-LS." R. at 204. The claims set forth in E.D. Pa. No. 2:15-cv-03230-LS relate to the three extracted teeth (#1, 5, and 32) in 2015, and the events leading up to those extractions – a separate incident from the events at issue in this case. By its terms, that complaint explicitly and specifically concerned three of Talbert's teeth (#1, 5, and

which against the said RELEASED PARTIES, he ever had, now has…from the beginning of the world to the present." R. at 202.

6

32), not the tooth (#14) at issue in this proceeding.  See E.D. Pa. No. 2:15-cv-03230, Dkt. 3 at ¶ 4-14.

The District Court looked to the broad language of ¶ 1 of the Release, see supra n.7, to determine that it covered all claims Talbert "ever had" against the defendants. But, as we have seen, the broad language of ¶ 1 has a significant limitation, and it can be found in the introductory paragraph and ¶ 10.  The plain language of both paragraphs leads us to conclude that the Release bars potential claims against the defendants only if those claims are related to the "action, care, treatment, or lack thereof…set forth" in Talbert's complaint in case E.D. Pa. No. 2:15-cv-03230.  The current claims do not.  We think this conclusion is unavoidable, especially given Pennsylvania's rule that releases should be construed narrowly.  See Three Rivers Motors Co., 522 F.2d at 895-96.[8]

## IV. Retaliation

In his complaint, Talbert claimed that the defendants had retaliated against him for filing a lawsuit against them.  In his subsequent pleadings, Talbert clarified his claim, and alleged that the defendants had denied his current request for off-site oral surgery under general anesthesia because of the previous lawsuit.  The District Court did not perceive a claim in these allegations, but we do.  See Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d

---

[8] Moreover, if the parties had intended the Release to cover more than the three teeth referenced in Talbert's complaint in E.D. Pa. No. 2:15-cv-03230, they could have easily drafted the Release to make that clear.

Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established.").

As we have previously noted, claims of retaliation and an underlying constitutional violation are separate and distinct, each warranting adjudication. See White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990) ("Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983."). That is the case here. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (explaining the elements of a prima facie case of retaliation). We will therefore remand for further proceedings as to Talbert's retaliation claim.

## V. Eighth Amendment

Finally, we disagree with the District Court's conclusion that Talbert had no viable Eighth Amendment claim.[9] The District Court concluded that Talbert simply disagreed with the method of treatment offered by the defendants, which does not amount to deliberate indifference. It also concluded that Talbert's "desire for general anesthesia while having his tooth removed based solely on his fear of needles is not a 'serious medical need.'" ECF No. 86 at 5. We respectfully disagree.

To state a violation of the Eighth Amendment for the denial of adequate medical care, Talbert needed to plausibly allege that prison officials were deliberately indifferent to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); see also

[9] We note that although the District Court decided this issue on a motion for summary judgment, it actually concluded, in substance, that Talbert simply had not stated a claim.

Atkinson v. Taylor, 316 F.3d 257, 266 (3d Cir. 2003) ("[T]his Court has defined a medical need as serious if it has been diagnosed by a physician as requiring treatment"). Deliberate indifference requires "obduracy and wantonness," which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk. Whitley v. Albers, 475 U.S. 312, 319 (1986); see also Farmer v. Brennan, 511 U.S. 825, 842 (1994) (stating that "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm"). We have found "deliberate indifference" in a variety of circumstances, including when the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment. See Durmer v. O'Carroll, 991 F.2d 64, 68 (3d. Cir. 1993) (citing Monmouth County Correctional Inst. Inmates v. Lanzaro, 834 F.2d 326, 346–47 (3d Cir.1987)). Needless suffering resulting from the denial of simple medical care, which does not serve any penological purpose, violates the Eighth Amendment. See Atkinson, 316 F.3d at 266.

There is no dispute that Talbert's need to have a tooth extracted due to an infection is a serious medical need. See Monmouth County Correctional Inst. Inmates, 834 F.2d at 347. He also alleges that he suffers from a crippling fear of needles in his mouth. That, too, may well constitute a serious medical need, see Richmond v. Huq, 872 F.3d 355, 368 (6th Cir. 2017) (citations omitted) (explaining that "an inmate has a right to be free from deliberate indifference to his or her serious psychological needs"), and – if true – is, in

9

any event, a factor that treating officials must consider and confront in discharging their constitutional duty to provide medical care. See Monmouth County Correctional Inst. Inmates, 834 F.2d at 347 (explaining that providing adequate medical care requires individualized treatment); cf. Estelle, 429 U.S. at 103 (explaining that the Eighth Amendment requires prisons to provide inmates with adequate medical care).

This case is not just about Talbert requesting off-site oral surgery under general anesthesia for comfort, or one necessarily about a disagreement about the proper course of treatment, as the District Court understood; if it were, we would surely agree with the District Court's judgment. See Snipes v. DeTella, 95 F.3d 586, 591-592 (7th Cir. 1996) (explaining that the plaintiff being denied anesthesia for minor surgery was not "inhumane or a denial of the minimal necessities of a civilized society"); see also Durmer, 991 F.2d at 67 (explaining that disagreements about treatment do not ordinarily constitute deliberate indifference). Talbert's claim as we understand it, is that the defendants did not sufficiently grapple with his crippling fear of needles.

The defendants stress that it was not their protocol to allow inmates to go off site for procedures, such as Talbert's tooth extraction, under general anesthesia. However, even if there is a generally applied protocol, "prison officials still must make a determination that application of the protocols result in adequate medical care," to an *individual* inmate. Roe v. Elyea, 631 F.3d 843, 860 (7th Cir. 2011). Furthermore, when a medical professional fails to "to consider an individual inmate's condition in making treatment decisions…[that is] precisely the kind of conduct that constitutes a substantial

10

departure from accepted professional judgment, practice, or standards, [such] as to demonstrate that the person responsible actually did not base the decision on such a judgment." Roe, 631 F.3d at 862-63 (citations omitted) (internal quotations omitted).

We are unable to determine if judgment was appropriate as to Talbert's claim since the record is undeveloped as to the interplay of his dental needs and his fear of needles. We note that there are suggestions in the record that the defendants, perhaps, may not have taken his fear seriously. For example, after one of his visits to the health unit to seek help regarding his pain, a nurse noted that an extraction was recommended, but Talbert declined due to his fear of needles.[10] The nurse also flatly stated that Talbert's fear was not a medical condition. R. at 182. The record does not suggests that any steps were taken to address Talbert's fear. And the record does not permit us to conclude that Talbert's fear was not a real mental health concern.[11]

We acknowledge, of course, that the Eighth Amendment did not necessarily require the defendants to give Talbert a referral for off-site oral surgery under general anesthesia. But, as we have noted, if Talbert's fear was an objective medical need, or an actual phobia, it should have factored into the treatment plan. See Roe, 631 F.3d at 862-63; see also Monmouth County Correctional Inst. Inmates, 834 F.2d at 346-47.

---

[10] Also, according to the record, defendants did not give Talbert pain medication until January 15, 2016, almost six months after his first grievance and numerous examinations.

[11] We leave open the possibility that the defendants will be able to develop the record in order for a court to make such a determination.

Furthermore, the treatment plan should have been based on "professional judgment." Roe, 631 F.3d at 862-63. Talbert's allegation that no "professional judgment" was employed – and, indeed, that he was subjected to needless suffering as a result – is a claim under the Eighth Amendment. See Atkinson, 316 F.3d at 266. Based on the record, we cannot agree with the District Court that the defendants were not deliberately indifferent to Talbert's serious medical needs.

For the foregoing reasons, we will vacate in part[12] the District Court's judgment, and remand for further proceedings.

---

[12] For reasons noted above, see supra n.1, we do not disturb the District Court's judgment as to Talbert's negligence, due process, and equal protection claims.